CITY OF NORTON;  HAIGHT et al., Appellants,

v.

SANDERS et al., Appellees.

[Cite as *Norton v. Sanders* (1989), 62 Ohio App.3d 39.]

Court of Appeals of Ohio,
Summit County.

No. 13683.

Decided March 1, 1989.

*Nancy Grim* and *John L. Wolfe,* for appellants.

*John C. Freeman, Duane Morris, Kenneth G. Spahr, Jr., Jeffrey Haupt, Stephen B. McIlvaine* and *William G. Chris,* for appellees.

CACIOPPO, Presiding Judge.

Prior to March 1987, the city of Norton's zoning was governed by Ordinance 102–1970. On February 23, 1987, council adopted a new zoning ordinance, Ordinance 51–1986, which became effective on March 26, 1987.

The new zoning ordinance was met with strenuous opposition. On July 27, 1987, an initiative petition was filed with the city clerk. In the general election held on November 3, 1987, the initiative passed, thus repealing Ordinance 51–1986. A dispute arose among council members as to what, if any, zoning regulations were in effect in Norton.

The city of Norton filed a declaratory judgment action seeking the trial court's determination of whether Ordinance 102–1970 was revived by the referendum repeal of Ordinance 51–1986. On May 12, 1988, the trial court ruled that Ordinance 102–1970 was not revived upon repeal of Ordinance 51–1986. Norton decided not to appeal the trial court's decision. Thereafter, the appellants, twenty-five residents of Norton, moved the trial court to intervene as of right. The basis for their motion was that Norton was no longer representing their interests in protection of their property and safety. On June 13, 1988, the trial court granted the appellants' motion to intervene and accepted the notice of appeal as timely filed.

On July 8, 1988, the trial court held a hearing to review the previous order allowing the parties to intervene. On July 22, 1988, the trial court entered an order vacating the previous order and denied the parties' intervention. The appellants filed an amended notice of appeal to include the order of July 22, 1988.

Initially, we must determine if appellants are proper parties to this appeal.[1]

## ASSIGNMENT OF ERROR 5

"Even if the court had jurisdiction to vacate the order granting intervention, it was error to do so because plaintiffs were entitled to intervene as of right under Rule 24(A)."

Four conditions must be met in order to intervene as of right under Civ.R. 24(A)(2). First, the appellant must claim an interest relating to the property or transaction which is the subject of the action. Second, the appellant must

---

1. The appellees filed a motion to dismiss this appeal claiming the intervention of the appellants was improper. Through a journal entry dated October 27, 1988, this court found that the issues raised should be argued at the same time as the argument on the merits. Thus, the following discussion addresses the appellees' motion to dismiss in conjunction with the errors assigned.

be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest. Third, the appellant's interest is not adequately represented by the existing parties. Finally, the application must be timely made.

As to the first condition, the appellants have an interest as property owners in the city of Norton. Some of them have property located adjacent to property with conditions they claim are in violation of the 1970 zoning ordinance and they question whether Norton has a zoning code that is currently in effect.

As to the second condition, the trial court's decision that the 1970 zoning ordinance was not revived by the repeal of the 1987 ordinance impedes or impairs the appellants' ability to protect their interest in zoning in projects initiated after the repeal of the 1987 ordinance.

As to the third condition, the appellants' interests were represented by Norton through the trial stage. However, when Norton decided not to appeal the trial court's decision, it is clear that the interests of the appellants were no longer being represented.

Finally, the last condition that must be met is whether the application to intervene was timely filed. Whether an application to intervene under Civ.R. 24 is timely depends on the facts and circumstances of the particular case, and is to be determined by the trial court in its discretion. *NAACP v. New York* (1973), 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648, 663. The courts have indicated a strong reluctance to grant intervention after a trial judgment is entered, making such intervention unusual and not often granted. However, the courts are making an exception to the rule where the intervenors are protecting their right to appeal from an adverse judgment. "The critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment." *United Airlines, Inc. v. McDonald* (1977), 432 U.S. 385, 395–396, 97 S.Ct. 2464, 2470–2471, 53 L.Ed.2d 423, 432–433. In determining whether to permit a post-judgment intervention, the courts have considered the following: the purpose for which intervention was sought; the necessity for intervention as a means of preserving the applicant's rights; and the probability of prejudice to those parties already in the case. Annotation, Timeliness of Application for Intervention As of Right Under Rule 24(a) of Federal Rules of Civil Procedure (1982), 57 A.L.R.Fed. 150, 205.

In *Triax Co. v. TRW, Inc.* (C.A.6, 1984), 724 F.2d 1224, the court reversed a decision denying intervention to a person who moved to intervene only after the original plaintiff decided not to appeal. The court noted that the interests

of Triax and the intervenor were in accord and the intervenor would not have been entitled to intervene during the lower court's proceedings. However, at the time Triax decided not to appeal, its representation of the intervenor's interest became ineffective. Further, the application was timely because the intervenor had no reason to seek intervention prior to Triax's decision not to appeal. The court also noted that the opposing party would not be prejudiced by the intervention for purpose of appeal since they could have reasonably expected Triax to appeal. *Id.* at 1228.

In the instant case, the appellants' interests were being adequately represented by the city of Norton during the trial court's proceedings. When Norton decided not to appeal, the interests of the intervenors were no longer adequately represented. As in *Triax*, it cannot be said that the defendants in this case would be prejudiced by allowing the appellants to intervene since the defendants should have expected Norton to appeal.

Therefore, the appellants have satisfied the criteria set forth in Civ.R. 24(A)(2), and under the circumstances of this case, the appellants acted promptly after final judgment. Thus, the trial court did not err in allowing the appellants to intervene. Appellants' fifth assignment of error is well-taken.

## ASSIGNMENT OF ERROR 4

"The court of common pleas had no jurisdiction to vacate its previous order granting intervention."

Now, we address what effect the trial court's order of July 22 had on the court's previous order of June 13, 1988. The trial court permitted the appellants to intervene by court order on June 13, 1988, and ruled that the notice of appeal filed by the appellants on June 10, 1988 was timely filed. "When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal." *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552, paragraph one of the syllabus. The July 22 order vacating the previous order does not aid the appeal; thus, it is of no effect. Therefore, the appellants are proper parties to this appeal. The fourth assignment of error is sustained.

## ASSIGNMENTS OF ERROR

"1. The court erred in holding that Ordinance 102–1970 was not revived upon repeal of Ordinance 51–1986.

"2. The court erred in refusing to admit evidence of campaign literature relied upon by the voters who approved the initiative ordinance."

The appellants specifically argue the following issues:

"1. The court should have held that Ordinance 102–1970 was revived upon repeal of Ordinance 51–1986 by initiative vote.

"A. Notwithstanding the statutory presumption of nonrevival, Ordinance 102–1970 was revived upon repeal of Ordinance 51–1986 by initiative vote, because Ordinance 51–1986 demonstrates an intent to restore the previous zoning code if the new code should be invalidated.

"B. Statutory rules of construction which are expressly made applicable only to codified ordinances are not binding on interpretation of ordinances which were never codified.

"C. The intent of the electorate is relevant in determining the effect of an initiative ordinance, and campaign literature distributed to voters is evidence of such intent."

The appellants contend that the campaign literature should have been admitted into evidence to show the intent of the electorate.

■ A trial court enjoys broad discretion in admitting evidence. This court will not reject an exercise of that discretion unless it clearly has been abused and a party has suffered material prejudice. *State v. Long* (1978), 53 Ohio St.2d 91, 98, 7 O.O.3d 178, 182, 372 N.E.2d 804, 808. We do not find an abuse of discretion.

■ In the instant case, Norton tried to admit into evidence certain campaign documents. Objections were made on the basis that they were immaterial and irrelevant to the case before the court. The trial court did not admit the documents into evidence. We find that the court did not abuse its discretion in its decision to exclude the campaign documents.

■ The appellants also contend that Section 6 of Ordinance 51–1986 demonstrates an intent to restore the previous zoning code if the new code should be invalidated. Section 6 states:

"Section 6: That, in the event that a court of competent jurisdiction declares the regulations or zoning district designations or any of them to be invalid and of no force or effect, and no appeal is taken therefrom or, if taken, the declaration of invalidity is affirmed on appeal, then Ordinance 102–1970 and amendments thereto shall be revived to the extent necessary to assure that all land within the City of Norton will be subject to zoning restrictions."

It is clear from its language that the above section applies only to those regulations a court declares invalid. In the instant case, a court did not declare that the zoning regulations were invalid; it was through a voters'

initiative that the ordinance was repealed. Thus, appellants' contention is without merit.

Finally, the appellants contend that the court mistakenly relied on Norton Codified Ordinances Section 202.04(a). They argue that those sections are limited to govern only codified ordinances.

Section 202.04(a) states:

"202.04 REVIVOR; EFFECT OF AMENDMENT OR REPEAL.

"(a) When a law which repealed a former law is repealed, the former law is not thereby revived. (ORC 1.19)"

Subsections (b) and (c) state the effect when a provision of a codified ordinance is repealed or amended. It is clear that Section 202.04(a) applies to all laws and not just codified ordinances. Thus, the trial court did not err in relying on Section 202.04(a) in determining that Ordinance 102–1970 was not revived when the voters repealed Ordinance 51–1986.

## ASSIGNMENT OF ERROR 3

"The court erred in vacating the restraining orders against defendants."

Appellants present no argument as to this assignment of error, therefore we decline to consider it.

The appellants' first and second assignments of error are overruled and the decision of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and HINES, JJ., concur.

ROBERT B. HINES, J., of the Holmes County Probate/Juvenile Court, sitting by assignment.