KOUROUNIS et al., Appellees,

v.

RALEIGH; Goodyear Tire & Rubber Company, Appellant.

[Cite as *Kourounis v. Raleigh* (1993), 89 Ohio App.3d 315.]

Court of Appeals of Ohio,
Summit County.

No. 16116.

Decided Aug. 25, 1993.

*Lee E. Plakas* and *Gary A. Corroto*, for appellees.

*Donald S. Varian, Jr.*, for Edith Raleigh.

*Duane Morris* and *David P. Bertsch*, for appellant.

Cook, Presiding Judge.

This case involves the denial of a motion to intervene as of right, Civ.R. 24(A)(2). Appellant, the Goodyear Tire & Rubber Company ("Goodyear"), appeals from the trial court's denial of its motion to intervene for the purpose of appeal, filed after entry of a final judgment which adversely affected its interests. We affirm, finding that the trial court did not abuse its discretion in denying Goodyear's motion and that *Norton v. Sanders* (1989), 62 Ohio App.3d 39, 574 N.E.2d 552, upon which Goodyear relies, is distinguishable from the present case.

## Background of the Underlying Case

To evaluate Goodyear's motion to intervene it is necessary to establish the background of the suit.

Edith Raleigh ("Raleigh") owned the property across the street from Goodyear's headquarters. In 1954, she leased that property to Gus Girves ("Girves") for twenty years. In 1972, Raleigh and Girves executed a new lease which included a provision granting the lessee a right of first refusal.[1] The lease and all option periods expired on January 31, 1992. Appellees, Gus and Helen Kourounis (the "Kourounises"), acceded to Girves's lease rights through a series of subleases and assignments.

Meanwhile, on October 13, 1982, Raleigh signed an option agreement, granting Goodyear the right to buy the leased property for $140,000 "at any time within ninety (90) days following the termination of the Lease for any reason and not before such date." This option agreement specifically stated that it was subject to the right of first refusal in the 1972 lease. Upon learning of the option contract with Goodyear, the Kourounises sought to exercise the right of first refusal by offering to purchase the property for $140,000. Raleigh refused to sell to the Kourounises, maintaining that she was not contractually required to do so.

In January 1992, the Kourounises sued Raleigh, claiming entitlement to purchase the property from Raleigh for $140,000. Raleigh counterclaimed for payment of overdue rent and back taxes. On December 8, 1992, the trial court granted judgment by ordering the sale of the property to the Kourounises pursuant to the lease and awarding Raleigh the overdue rent and back taxes.

## Goodyear's Motion to Intervene

■ After entry of judgment and within the time to appeal, Goodyear moved to intervene and filed a notice of appeal. The trial court denied Goodyear's motion to intervene, finding it untimely. This court has bifurcated Goodyear's appeal to consider first the order denying Goodyear's motion to intervene.

## I

■ In its only assignment of error, Goodyear argues that the trial court erred in denying its motion to intervene since the case of *Norton v. Sanders, supra,* compels granting of the motion. We disagree.

---

1. This clause reads, in part, as follows:

"It is mutually agreed by and between the parties hereto that if at anytime during the term of this lease or any renewal thereof, lessor shall have an offer for the purchase of said premises which he is willing to accept, then lessor shall, prior to accepting the same, give lessee an opportunity to purchase the property by notifying him in writing of the price and terms of such offer from such other person and of the intention of the lessor to accept the same. Lessee shall have the right for thirty (30) days thereafter to purchase said property at and for the price and on the terms specified in said notice."

Intervention after a trial court has entered final judgment is unusual and ordinarily will not be permitted. Civ.R. 24 requires that a motion for intervention be timely, but does not define what "timely" is. Thus, whether an application to intervene is timely is to be determined from the facts and circumstances of a particular case within the discretion of the trial court. *NAACP v. New York* (1973), 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648, 663; *Norton, supra,* 62 Ohio App.3d at 42, 574 N.E.2d at 554.

The trial court found that Goodyear knew of the lawsuit between the Kourounises and Raleigh and its potential impact on its option rights before final judgment was entered. The reason for intervention as of right under Civ.R. 24(A)(2) is to allow a necessary party into a case. The trial court also found that Goodyear should have moved to intervene before final judgment because, as Goodyear claimed in its motion to intervene, it was a necessary party to this lawsuit.

Goodyear argues that its motion was not untimely because its interests were being adequately represented by Raleigh until she decided not to appeal. The trial court found that Goodyear was untimely because its interests were not being adequately represented by Raleigh. We find sufficient support for the decision of the trial court by considering the undisputed factual background of the case.

### Raleigh Did Not Represent Goodyear's Interest

Since Raleigh could have settled her dispute with the Kourounises any time before judgment, without notice to Goodyear, Raleigh cannot be said to have adequately represented Goodyear's interests. Raleigh and Goodyear had a mutuality of interest but only so long as Raleigh continued to take the position that the Kourounises were not entitled to buy the property. Goodyear cannot, however, use that potentially changeable position of Raleigh as a springboard to intervene after judgment. Raleigh's legal posture, opposing sale to the Kourounises, which was not even supported by an economic advantage, does not equate with adequate representation of Goodyear's legal interest. Since Goodyear's interests were not represented at trial, its delay in moving to intervene until after judgment is not justified under a *Norton* analysis. Therefore, we find that Goodyear has not shown that the trial court abused its discretion in denying Goodyear's motion to intervene.

### II

### *Norton* Case Distinguishable

Goodyear argues that our decision in the *Norton* case compels a decision in its favor. We disagree. In that case, the city of Norton filed a declaratory judgment action seeking the trial court's determination of whether the repeal of a

zoning ordinance revived the previous zoning ordinance. After the trial court ruled that the previous zoning ordinance was not revived, the city of Norton decided not to appeal. However, twenty-five residents of Norton moved to intervene as of right. The trial court granted the motion to intervene. *Norton, supra,* 62 Ohio App.3d at 41, 574 N.E.2d at 554. This court affirmed the trial court's judgment allowing the citizens to intervene.

The present case and *Norton,* however, are factually and legally dissimilar. First, in *Norton* the trial court exercised its discretion in favor of intervention. Second, although the intervenors in the *Norton* case met the timeliness requirement by employing the same argument employed by Goodyear (that until the city decided not to appeal, their interests were adequately represented by the city), the inherent representative relationship between a city and its citizens is an obvious distinction from the contractual relationships presented by this case. Moreover, we distinguish the nature of the declaratory judgment action in *Norton* from the adversarial nature of the action between Raleigh and the Kourounises.

Goodyear's assignment of error is overruled. The judgment of the trial court is affirmed. The appeal of the underlying judgment is dismissed. App.R. 4.

*Judgment accordingly.*

QUILLIN and BAIRD, JJ., concur.