OPINION
Appellant Dinah Trabert appeals the May 5, 1999 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, which denied her Motion to Intervene and her Motion for Temporary and Permanent Custody. Appellant also appeals the May 24, 1999 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, which dismissed her second motion requesting temporary and permanent custody. The respondent mother of the minor child, Julian Steinbrook, and daughter of appellant herein, is Tymarann Trabert. Appellee is Patricia L. Miller.
 STATEMENT OF THE CASE AND FACTS
On February 21, 1995, appellee went to respondent's residence to visit with Julian. At that time, appellee found the infant lying in the corner in his basket, soaked with stale beer and mud. Because respondent, Julian's mother, was at that time drinking alcohol and smoking marijuana with some friends in the presence of Julian, appellee took Julian, with permission, to her home. Since that time, appellee has continuously had Julian in her care and has provided for all of his needs. Appellee has had temporary custody of Julian since February 21, 1995. At that time, appellee believed Julian to be her grandson — her son, Jeremy Steinbrook's son. However, after a court action to establish paternity, genetic testing excluded Jeremy Steinbrook as Julian's biological father. Nonetheless, on October 23, 1998, appellee filed a complaint for temporary and permanent custody of Julian Steinbrook. The trial court scheduled a hearing for April 9, 1999. On April 9, 1999, appellee and respondent appeared for the hearing and each was represented by counsel. In an April 13, 1999 Judgment Entry, the trial court found respondent was not suitable to have custody of the minor child. Because testimony at the hearing also raised concerns about the environment at appellee's residence, the trial court continued temporary custody with appellee pending further investigation. On May 4, 1999, respondent's mother, appellant Dinah Trabert filed a motion to intervene and for an order granting her custody. In a May 5, 1999 Judgment Entry, the trial court denied the motion to intervene because it was untimely filed, and dismissed the motion for custody because it was not accompanied by an affidavit as required in R.C. 3109.27(A). On May 6, 1999, appellant filed another motion to intervene and for an order granting her custody. In a May 24, 1999 Judgment Entry, the trial court summarily dismissed appellant's motion requesting temporary and permanent custody of Julian. In the same judgment entry, the trial court noted appellant's May 6, 1998 Motion to Intervene was denied by a Judgment Entry filed May 5, 1999. Appellant appeals the May 5, 1999 and the May 24, 1999 Judgment Entries, assigning the following as error:
 THE TRIAL COURT ERRED TO APPELLANT'S DETRIMENT WHEN THE COURT RULED: THE MULTI-BRANCH MOTION FILED BY APPELLANT REQUESTING LEAVE TO INTERVENE AND AN ORDER GRANTING HER TEMPORARY AND PERMANENT CUSTODY OF THE MINOR CHILD IS DISMISSED AND DENIED.
Although set forth as one assignment of error, appellant asserts two arguments on appeal. First, appellant maintains the trial court abused its discretion in dismissing appellant's motion to intervene. Second, appellant asserts the trial court abused its discretion in dismissing appellant's motion for temporary custody and permanent custody. We shall address each in turn. A. Motion to Intervene Appellant first argues the trial court abused its discretion in dismissing appellant's motion to intervene. We disagree. A trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion. S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, citing Blackburn v. Hamoudi (1986), 29 Ohio App.3d 350, 352. An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude. State ex rel. Crabtree v. Franklin Cty. Bd. of Health (1997), 77 Ohio St.3d 247, 249. Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. Norton v. Sanders (1989), 62 Ohio App.3d 39, 42. The following factors are considered in determining timeliness: "(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." State ex rel. First New Shiloh Baptist Church v. Meagher, (Ohio 1998), 82 Ohio St.3d 501, 503, citing Triax Co. v. TRW, Inc. (C.A.6, 1984), 724 F.2d 1224, 1228. In its May 5, 1999 Judgment Entry, the trial court denied the motion, stating: The motion to intervene is DENIED for the following reasons:
 1. It was not timely filed. The instant custody matter was initiated on October 23, 1998. Temporary custody orders were issued. The complaint for custody filed by Patricia Miller was heard by this Court on April 9, 1999 at a contested proceeding which was approximately ten (10) hours in duration. This matter is scheduled to return to Court on May 27, 1999 at which time the Court will announce its decision as to the final disposition of Ms. Miller's motion. Given the fact that Dinah Trabert, the instant petitioner was present for the April 9, 1999 hearing and did testify, as did her significant other or male companion who resides with her, the Court cannot fathom why the motion to intervene was not filed prior to hearing. To allow Dinah Trabert to intervene at his late juncture would effectively cause this Court to rehear most of the testimony presented.
* * *
 The court speculates that her efforts to now attempt to intervene as a party to this action is prompted by this Court's finding that her daughter, the minor child's mother, is not a suitable person to be awarded custody of this child.
May 5, 1999 Judgment Entry at 1-2.
We find no abuse of discretion in the trial court's finding appellant's motion was untimely. Appellant appeared and provided testimony at the April, 1999 hearing; it is clear she was aware of the proceedings some time in advance of that date. Yet, appellant did not move for intervention until the trial court conclusively found appellant's daughter was not a proper custodian for the child. As the trial court noted, to allow intervention at that point would effectively cause the court to rehear most of the ten hour hearing already presented. For these reasons, we find no abuse of discretion in the trial court's decision. B. Motion for Temporary Custody and Permanent Custody Because we found appellant's motion to intervene was properly denied, appellant's motion for custody was also properly dismissed. We agree with the trial court, without status as a party, appellant had no standing to file her motion for custody in the pending action commenced by appellee. Appellant's sole assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur