OPINION
Appellants, T. Jeffrey Corcoran, Gloria H. Corcoran and T.J. Corcoran IV, appeal the Clermont County Court of Common Pleas' decision to deny appellants' motion to intervene. We affirm the decision of the trial court.
On February 15, 1999, plaintiff-appellee, Classic Properties, Inc. ("Classic"), contracted to purchase approximately 112.5 acres of real property located at State Route 132 and Deerfield Road, in Goshen Township, Clermont County, from plaintiff-appellee, Dr. Theodore T. Buka. The property was zoned "Agricultural Density A" pursuant to Goshen Township Zoning Resolution. Agricultural Density A restricts residential dwellings on the property to one per acre.
On May 4, 1999, Classic proposed to defendant-appellee, the Board of Trustees of Goshen Township ("Trustees"), a "Planned Unit Development" design ("PUD") which provided for: (1) the construction of three hundred twenty-seven single-family homes upon lots of various widths; (2) 28.3 acres of open space; (3) a community swimming pool; and (4) cabana or pool houses. The proposed per acre dwelling density was more than twice that allowed by Agricultural Density A. On June 1, 1999, the Trustees voted to deny the rezoning request.
Classic resubmitted its PUD plan to the Trustees, reducing the proposed single-family residences from three hundred twenty-seven to two hundred seventy. On November 17, 1999, the Trustees held a public meeting to hear comments and address Classic's resubmitted rezoning request. The Trustees postponed the meeting so information called for by the Clermont County Planning Commission ("CCPC") could be gathered. On December 1, 1999, the public hearing was resumed. On December 15, 1999, the Trustees voted to deny Classic's rezoning request a second time.
On March 1, 2000, Classic filed suit against the Trustees seeking to invalidate the existing Agricultural Density A zoning on the property as unconstitutional. On February 22, 2001, a consent decree was entered by the Clermont County Common Pleas Court allowing Classic to develop the property and construct two hundred sixty single-family homes.
On March 9, 2001, appellants, the owners of the property immediately adjacent to Classic's property, filed a motion to intervene in the action to protect their property rights and invalidate the consent decree.
On March 28, 2001, the trial court denied appellants' motion to intervene based upon the untimeliness of the application. This appeal follows, in which appellants raise a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN DENYING THEIR MOTION TO INTERVENE.
The standard of review for a Civ.R. 24(A)(2) motion for intervention as a matter of right is abuse of discretion. Meyers v. Basobas (1998),129 Ohio App.3d 692, 696. Abuse of discretion connotes more than an error of law or judgment and there is no abuse of discretion to deny a motion to intervene unless the court "acted arbitrarily, unreasonably, or unconscionably." Young v. Equitech Real Estate Inv. Fund (1995),100 Ohio App.3d 136, 138.
Appellants argue they may intervene as a matter of right based upon Civ.R. 24(A)(2). Appellants further contend that a motion to intervene filed fifteen days after a consent decree is entered is timely when the terms of the consent decree make it obvious for the first time that the intervenors' interests are no longer being represented by the existing parties to the lawsuit.
The standard for intervention under Civ.R. 24(A) is as follows: 1) the intervenor must claim an interest relating to the property or transaction that is the subject of action; 2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; 3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and 4) the motion to intervene must be timely. See Peterman v. Village of Pataskala (1997),122 Ohio App.3d 758, 760-761. Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene. FairviewGen. Hosp. v. Fletcher (1990), 69 Ohio App.3d 827, 831.
A trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion. See S. Ohio CoalCo. v. Kidney (1995), 100 Ohio App.3d 661, 672. Whether a Civ.R. 24 motion to intervene is timely depends on the facts of the case. Nortonv. Sanders (1989), 62 Ohio App.3d 39, 42. When determining timeliness, the following five factors must be considered: 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which intervenor knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and 5) the existence of unusual circumstances. Id.
This suit progressed to the signing and filing of the consent decree before appellants applied for intervention. Appellants claim their property rights will be adversely affected by the consent decree yet they do not state how their interests differ from those addressed by the Trustees in forming the consent decree. Appellants had one year preceding the application during which they knew of their interest in the case and did not apply to intervene. The prejudice to the original parties, due to appellants' failure to apply promptly for intervention, will be great since intervention will require Classic to cease sale of the lots within the development and Classic will not be able to complete their contractual obligations regarding the sale of the property. Furthermore, appellants have alleged no unusual circumstances. Clearly, the trial court could reasonably find that appellants' motion to intervene was untimely for the preceding reasons.
Appellants contend that even though their motion to intervene was filed fifteen days after the consent decree was filed it is still timely based upon Peterman v. Village of Pataskala (1997), 122 Ohio App.3d 758; Lintonv. Comm'r. of Health and Environment (C.A.6, 1992), 973 F.2d 1311; andNorton v. Sanders (1989), 62 Ohio App.3d 39. However, Peterman, Linton, and Norton can all be distinguished from this case.
In Peterman, the motion to intervene was filed approximately two weeks prior to the date the agreed judgment entry was filed. In this case, the motion to intervene was filed approximately two weeks after the agreed upon consent decree was filed. Clearly, the facts in Peterman are not analogous to the facts in this case.
Linton concerned a motion to intervene in litigation regarding a Medicaid plan proposed for adoption by the Tennessee Department of Health and Environment. Mildred Linton sought to intervene because the proposed plan would restrict her rights as a Medicaid recipient.
In this case, appellants seek to intervene to protect their rights regarding their property which is adjacent to Classic's property. The Supreme Court of Ohio has held that "surrounding property owners" have no legal interest in the outcome of a declaratory judgment action challenging the constitutionality of zoning as applied to a specific parcel of real property. Driscoll v. Austin Town Association (1975),42 Ohio St.2d 263, 273. See, also, Liberty Twp. v. Woodland View, Inc. (Aug. 20, 2001), Butler App. No. CA2001-02-038, unreported. Therefore, appellants do not have a legally protectable interest in the subject property. Consequently, the facts in Linton do not apply to the facts in this case.
Likewise, in Norton the parties seeking to intervene had a legal interest in the outcome of the action since their property was the subject of litigation. In 1987, the city of Norton adopted a new zoning ordinance. The new ordinance was met with opposition and an initiative petition was filed. The initiative passed and the 1987 zoning ordinance was repealed. The city of Norton filed a declaratory judgment action seeking the trial court's determination whether the prior 1970 zoning ordinance was revived when the new 1987 zoning ordinance was repealed. The trial court determined the 1970 ordinance was not revived. The city of Norton decided not to appeal the decision.
Twenty-five Norton property owners then moved to intervene as of right. The property owners questioned whether Norton had any zoning code currently in effect. Since the intervenors were property owners in Norton and were questioning whether Norton currently had a zoning code, they had a legal interest in the outcome of the action as applied to their own specific parcels of real property. In this case, appellants do not have a legal interest in the outcome of the action as applied to Classic's specific parcel of real property. See Driscoll,42 Ohio St.2d at 273. See, also, Liberty Twp. (Aug. 20, 2001), Butler App. No. CA2001-02-038, unreported. Consequently, the facts in Norton do not apply to the facts in this case.
Based upon appellants' knowledge of the case from its inception, the point to which the case had progressed, the length of time appellants waited before applying for intervention, the prejudice to the original parties, and the lack of unusual circumstances, there is sufficient evidence to determine appellants' motion to intervene was untimely. The decision of the trial court to deny the motion to intervene based on timeliness was not arbitrary, unreasonable, or unconscionable. Therefore, this argument is without merit.
Appellants next argue that a consent decree entered by the court at the urging of the parties is not a final judgment unless the requirements of Civ.R. 58 are satisfied. Civ.R. 58(B) requires "a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment * * *." Appellants maintain that since the consent decree did not contain a direction to the clerk to serve notice of judgment, the consent decree is not a final judgment.
The "failure of the clerk to serve notice does not affect the validity of the judgment * * *." Civ.R. 58(B). Furthermore, "a consent decree is a final judgment that may be reopened only to the extent that equity requires, a proposed modification * * * should merely resolve the problems created by change." Rufo v. Inmates of Suffolk County Jail
(1992), 502 U.S. 367, 391-92, 112 S.Ct. 748, 764; Reed v. Rhodes (C.A.6, 1999), 179 F.3d 453, 465.
Intervention after final judgment has been entered is unusual and will not ordinarily be granted. State ex rel. First Shiloh Baptist Church v.Meagher (1998), 82 Ohio St.3d 501, 503-504. A consent decree is a valid form of final judgment and appellants' argument regarding notice is specious because appellants were not parties to the case. All parties to the case agreed to the terms and signed the consent decree before its entry. Therefore, all parties received notice. Appellants' argument that the consent decree is not a final judgment because the clerk was not directed to serve notice of judgment is without merit.
Appellants next argue that special circumstances exist in this case that would militate in favor of intervention by appellants even if the consent decree constitutes a final judgment entry. Appellants maintain that where a consent decree entered into by the parties and approved by the court deviates from Ohio law, intervention should be permitted to allow appellants to attempt to invalidate the consent decree. Appellants argue the consent decree was an ultra vires act of the Trustees because it purported to allow the development of the property in a manner not allowed under the existing zoning classification. Appellants maintain this violates R.C. 519.12 because the Trustees did not follow the procedure mandated for township zoning amendments.
Although the role of this Court in this appeal is limited to determining whether appellants' motion to intervene was arbitrarily, unreasonably, or unconscionably denied, it is noted that "the application of preexisting PUD regulations to a specific piece of property which is zoned under non-PUD classification effects a rezoning of the property and is thus a legislative act subject to referendum." State ex rel. Zondersv. Delaware Cty. (1994), 69 Ohio St.3d 5, 13. Even though Classic's entire PUD area is covered by the same zoning classification, both before and after the consent decree, the action of the Trustees in approving such a PUD is the functional equivalent of traditional legislative zoning. See Peachtree Dev. Co. v. Paul (1981), 67 Ohio St.2d 345, 351. Therefore, the implementation of a PUD, as well as its creation, is a legislative act subject to referendum. See id. Consequently, in order to classify Classic's property as a PUD, the Trustees should have employed a legislative act subject to referendum rather than a consent decree. Even though the Trustees did not take the proper actions with regard to Classic's PUD proposal, the trial court was still within its' discretion to deny appellants' motion to intervene.
It is well-settled that intervention is seldom granted after judgment is entered unless "the intervenor has no other alternative remedy" and intervention is the only way to protect the intervenor's rights.Fitzpatrick v. Fitzpatrick (1998), 126 Ohio App.3d 476, 482, fn. 1, citing Likover v. Cleveland (1978), 60 Ohio App.2d 154, 159. In its decision, the trial court specifically noted that appellants "have legal remedies, which they acknowledge, beyond intervention for the purpose of appeal or a motion to set aside the consent decree."
In summary, appellants' motion to intervene was not timely filed and appellants have acknowledged that they have legal remedies other than intervention. Consequently, the denial of the motion to intervene was not arbitrary, unreasonable, or unconscionable. Therefore, this argument is without merit and the assignment of error is overruled.
WALSH and POWELL, JJ., concur.