OPINION
{¶ 1} Appellants, Eric and Denise Wenzel, appeal a decision of the Warren County Court of Common Pleas denying their motion to intervene in a foreclosure action.
 {¶ 2} Appellants rented property that was owned by William Beculheimer. Bank One owned a mortgage on the property and filed a complaint for foreclosure when Beculheimer became delinquent on the loan. The trial court granted default judgment in favor of Bank One when Beculheimer failed to answer the complaint. The property was appraised and advertised for sale at a public auction. Jerry and Katherine Jones purchased the property at the public auction.
 {¶ 3} Before confirmation of the sale by the court, appellants filed a motion to intervene in the foreclosure action and for the trial court to set aside the foreclosure decree. A magistrate found in favor of allowing appellants to intervene. The Joneses filed objections to the magistrate's decision. The trial court denied appellants' motion for intervention, finding that it was not timely filed.
 {¶ 4} Appellants now appeal the trial court's decision to deny their motion to intervene in the foreclosure action and raise the following single assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING INTERVENERS' APPELLANTS' MOTION TO INTERVENE AND FOR LEAVE TO FILE THIRD PARTY COMPLAINT."
 {¶ 6} As an initial matter, appellants argue in their brief that neither the Joneses nor Bank One are proper parties because the Joneses were not party to the foreclosure action and because Bank One did not file objections to the magistrate's decision. Although appellants do not explain in their brief why this is relevant to the appeal before us, we note that a trial court may choose not to accept a magistrate's decision, even if no objections are filed. See Civ.R. 53(I)(4)(a).
 {¶ 7} Appellants argue on appeal that their motion was timely filed and that they have the right to redeem the premises. We begin by addressing the trial court's determination that the motion to intervene was untimely.
 {¶ 8} Appellants did not specify whether their request to intervene was an intervention of right under Civ.R. 24(A) or permissive under Civ.R. 24(B). However, either provision requires that the request to intervene must be timely. See Civ.R. 24.
 {¶ 9} Whether a motion to intervene under Civ.R. 24 is timely filed is dependent on the facts of the case. First New Shiloh BaptistChurch v. Meagher, 82 Ohio St.3d 501, 1998-Ohio-192. When determining timeliness, the court must consider: 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the intervenor knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to promptly file for intervention; and 5) the existence of unusual circumstances. Id.; Norton v. Sanders (1989), 62 Ohio App.3d 39, 42.
 {¶ 10} A trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion. First NewShiloh Baptist Church. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Considering the above factors in determining timeliness in this case, we note that the foreclosure action had been filed for more than seven months before appellants sought to intervene. During that time, a default judgment was granted, appraisals performed, public notice of the auction was given for four consecutive weeks, and the property was purchased at the auction. Furthermore, appellants appeared at the auction and said and did nothing to express their alleged legal interest in the property.
 {¶ 12} Second, although appellants claim to have a legal interest in the property, the evidence submitted with their motion fails to adequately document those claims. Appellants attached copies of a lease agreement and an option to purchase. By its own terms, the option to purchase was to have been exercised in writing by September 30, 2002. A contract to purchase was also entered into on July 26, 2001, but by its terms, the contract was to be closed within 45 days of appellants obtaining financing, unless another agreement was made in writing. Appellants claim in an affidavit by Denise Wenzel that the option was exercised, but provided no written proof of this assertion, nor a date on which the option was exercised.
 {¶ 13} Third, although it is not clear precisely when appellants learned of the foreclosure action, it was sometime before the public sale of the property. In her affidavit, Denise Wenzel claims that she and her husband talked to Beculheimer about the possibility of a foreclosure sale, and were assured by him that it would be taken care of and the foreclosure sale dismissed. As mentioned above, appellants appeared at the public sale.
 {¶ 14} Fourth, appellants did not record any of the documents they now rely on and allowed the foreclosure action to proceed to the point where the foreclosure was granted and the property purchased at the auction. Finally, the unusual circumstance that appellants failed to record documents, were aware of the foreclosure action, and then waited while the foreclosure progressed beyond a public sale must be considered.
 {¶ 15} Considering all of these factors, we find that the trial court did not abuse its discretion in denying appellants' motion to intervene. The evidence supports the trial court's finding that appellants were "monitoring the case for a period of time and rather than asserting an interest they knew to be in jeopardy, they allowed the matter to progress through sale while they watched."
 {¶ 16} With regard to appellants' claim that they have a right to redeem the premises in the foreclosure action because they stand in Beculheimer's shoes as vendees to the contract, we have already addressed the factual inadequacies in appellants' assertion that they exercised the option. Accordingly, appellants' assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.