[Cite as *Riebe Living Trust v. Lake Cty. Bd. of Commrs.*, 2013-Ohio-59.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| RIEBE LIVING TRUST, et al., | : | **O P I N I O N** |
| Appellees, | : | |
| - vs - | : | **CASE NO. 2011-L-105** |
| THE BOARD OF LAKE COUNTY COMMISSIONERS, et al., | : | |
| | : | |
| Appellees, | : | |
| | : | |
| JAMES V. AVENI, et al., | : | |
| Appellants. | : | |

Administrative Appeal from the Lake County Court of Common Pleas, Case No. 09CV004062.

Judgment:  Reversed and remanded.

*Joseph R. Klammer*, The Klammer Law Office, Ltd., Lindsay II Professional Center, 6990 Lindsay Drive, Suite 7, Mentor, OH  44060 (For Riebe Living Trust and 20th Century Construction-Appellees).

*Charles E. Coulson*, Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH  44077 (For The Board of Lake County Commissioners and Lake County Sanitary Engineer-Appellees).

*James V. Aveni*, Ranallo & Aveni, L.L.C., 6685 Beta Drive, Cleveland, OH  44143 (For James V. Aveni and Susan R. Aveni-Appellants).


THOMAS R. WRIGHT, J.

{¶1} Appellants, James and Susan Aveni ("the Avenis"), appeal from a judgment of the Lake County Court of Common Pleas, denying their motion to intervene as untimely.

{¶2} The Avenis own a home in Concord. Their property fronts an installed sewer line but is currently serviced by a septic system. On November 17, 2009, the Board of Lake County Commissioners ("the Board") passed a resolution establishing a $6,500 tap-in reimbursement fee. The Avenis may eventually be liable for paying a tap-in fee if and when they elect or are required to connect to the sewer.

{¶3} This matter was originally brought as an administrative appeal on December 17, 2009, Case No. 09CV004062, by Riebe Living Trust and 20th Century Construction, which appealed the decision of the Board and the Lake County Sanitary Engineer ("County Engineer") limiting the tap-in fee reimbursement per connection. Subsequently, on February 26, 2010, a declaratory judgment action was filed, Case No. 10CV000643, involving the same parties and regarding substantially the same subject matter. The Avenis were not involved in either case.

{¶4} A settlement conference in both cases was held on February 15, 2011. On March 11, 2011, the court dismissed the declaratory judgment action with prejudice and resolved the administrative appeal based upon a settlement which increased the tap-in fee to $23,583.88.

{¶5} On April 11, 2011, the Avenis filed a motion to intervene as party defendants in the administrative appeal. They filed their motion to intervene as of right pursuant to Civ.R. 24(A)(2) and for permissive intervention pursuant to Civ.R. 24(B). In his affidavit attached to the Avenis' motion, James Aveni averred that he and his wife

2

first learned of the lawsuits and settlement through a mid-March 2011 News-Herald article, and that prior to March 11, 2011, neither he nor his wife knew or had reason to know about the litigation.

{¶6} The Board and the County Engineer as well as Riebe Living Trust opposed the Avenis' motion to intervene. Attached to the Board's opposition to the Avenis' motion was the affidavit of Mr. Albert J. Saari, the Lake County Sanitary Engineer. In his affidavit, Saari stated that on August 31, 2010, he sent a letter via ordinary U.S. mail to the Avenis, as well as other affected property owners, notifying them of an informational meeting that was scheduled for September 14, 2010. The letter stated in substance as follows:

{¶7} "A sanitary sewer was installed in late 2004-2005 between Noble Ridge and Summerwood Subdivision. Your parcel may have access to this sewer. Per Ohio Revised Code the developer, 20th Century Construction, shall collect a pro-rata tap-in fee reimbursement when a connection is made to the sewer. An Informational Meeting has been scheduled to review the proposed tap-in fee reimbursement agreement[.]"

{¶8} Saari further stated in his affidavit that on September 16, 2010, the News-Herald published an article regarding the informational meeting and pending litigation, and announced that the potential tap-in fees "could be in the $30,000 range." The letter and the News-Herald article were both attached as exhibits to the Saari affidavit and were labeled as Exhibits 1A and 1C respectively.

{¶9} On June 30, 2011, the court denied the Avenis' motion to intervene as untimely. In reaching its decision, the court determined that "the Avenis knew or should have known of their interest in the case in September, 2010." Prior to making that

3

determination, the trial court made reference to both the August 31, 2010 letter as well as the September 16, 2010 News-Herald article. The Avenis filed a timely appeal asserting the following assignment of error:

{¶10} "The trial court abused its discretion to the prejudice of Interveners, by ruling that the Motion to Intervene submitted as a matter of right pursuant to Civil Rule 24(A)(2) was not timely made."

{¶11} In their sole assignment of error, the Avenis argue the court abused its discretion in finding their motion to intervene was untimely. We agree.

{¶12} Consistent with the attestations in James Aveni's affidavit that he and his wife did not learn of their interest in the case until March 2011, the Avenis maintain that they did not receive the August 31, 2010 notice letter from the County Engineer. They contend that even if they did receive the letter, it provided no notice of the subject lawsuit or any proposed settlement, and did not reference any potential increase in the $6,500 tap-in reimbursement fee. Also, the Avenis argue that there is no record evidence that they were aware of the September 16, 2010 News-Herald article regarding the informational meeting and that the potential tap-in fees "could be in the $30,000 range."

{¶13} The Avenis further contend that the court's finding that they knew or should have known of their interest in the case in September of 2010 is against the manifest weight of the evidence. As noted, the Avenis claim they first heard about the "near quadrupling" of the tap-in reimbursement fee through the News-Herald article published on March 11, 2011, after the consent judgment was entered. They filed their motion to intervene a month later. Thus, they assert their motion was timely.

4

{¶14} The timeliness of a motion to intervene is reviewed under an abuse of discretion standard. *Davis v. Border*, 170 Ohio App.3d 758, 2007-Ohio-692, ¶42, citing *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503 (1998). We acknowledge that the abuse of discretion standard gives some deference to the trial court. However, it is important to note that the current working definition of abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler*, 2d Dist. No 09-CA-54, 2010 Ohio 1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11." *Sertz v. Sertz,* 11th Dist. No. 2011-L-063, 2012-Ohio-2120, ¶31. "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error.'" *Id.*

{¶15} Intervention is addressed in Civ.R. 24. On appeal, the Avenis only take issue with intervention as of right. Civ.R. 24(A) outlines the requirements for intervention as of right, and provides that the motion must be "timely."

{¶16} "Four conditions must be met in order to intervene as of right under Civ.R. 24(A)(2). First, the appellant must claim an interest relating to the property or transaction which is the subject of the action. Second, the appellant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest. Third, the appellant's interest is not adequately represented by the existing parties. Finally, the application must be timely made." *Norton v. Sanders*, 62 Ohio App.3d 39, 41-42 (9th Dist.1989).

{¶17} "The following factors are considered in determining timeliness: '(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought;

5

(3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.'" *Meagher, supra,* at 503, quoting *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984).

**{¶18}** "Intervention after final judgment has been entered is unusual and ordinarily will not be granted." *Meagher, supra,* at 503-504. However, "'[t]he critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment.'" *Norton, supra,* at 42, quoting *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-396 (1977). "In determining whether to permit a post-judgment intervention, the courts have considered the following: the purpose for which intervention was sought; the necessity for intervention as a means of preserving the applicant's rights; and the probability of prejudice to those parties already in the case." *Norton* at 42, citing Annotation, Timeliness of Application for Intervention As of Right Under Rule 24(a) of Federal Rules of Civil Procedure (1982), 57 A.L.R.Fed. 150, 205.

**{¶19}** We will not reverse a civil judgment as against the manifest weight of the evidence if it is supported by any competent, credible evidence that goes to each element of the case. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, syllabus (1978). *See also Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).

6

As an appellate court, we evaluate the findings of the trial court under a presumption that those findings are correct. *Seasons Coal, supra*, at 80.

**{¶20}** As previously stated, the trial court denied the Avenis' motion to intervene as untimely after finding that they knew or should have known of their interest in the case in September of 2010. Regarding whether the Avenis *actually knew* of their interest in the litigation, competing evidence was presented in the form of the parties' affidavits. James Aveni averred that he and his wife first learned of the lawsuits and settlement while reading about it in an article published in the News-Herald sometime in mid-March 2011. The Board and County Engineer averred in the Saari affidavit that the August 31, 2010 letter regarding the informational meeting was mailed to the Avenis and not returned, thus leading to the inference that the Avenis received the letter. *See Kingsville Twp. Bd. of Trustees v. Kingsville Twp. Bd. of Zoning Appeals*, 11th Dist. No 2011-A-0015, 2011-Ohio-6517, ¶18, citing *Cappellino v. Marcheskie*, 11th Dist. No. 2008-T-0016, 2008-Ohio-5322, ¶15 (unless an ordinary mail envelope is returned as undeliverable, a presumption arises that proper service has been perfected). The Board and County Engineer also attested that the litigation was well-publicized in the September 16, 2010 News-Herald article.

**{¶21}** Generally, when the determination of a matter between litigants depends upon the resolution of disputed facts, a hearing is required to provide for the receipt of evidence. *See Asepak v. Lyons-Magnus*, 2d Dist. No. 92-CA-61, 1993 Ohio App. LEXIS 3680, *6-7 (July 22, 1993); *see also Ohio Financial Serv. Corp. v. Robichaud*, 10th Dist. No. 89AP-1011, 1990 Ohio App. LEXIS 1729, *7-8. Here, the record does not reflect that the trial court held an evidentiary hearing on the motion to intervene,

7

despite the presentation of disputed facts as to the Avenis' actual knowledge of the litigation. Accordingly, the trial court could not have made a determination as to whether the Avenis' actually knew about the litigation. Therefore, to the extent that the trial court's decision is based on the conclusion that the Avenis knew about the litigation, it is incorrect as a matter of law because that issue was not adjudicated in a manner that would have properly resolved the disputed facts.

{¶22} That said, the single remaining issue is whether the Avenis *should have known* about their interest in the case. While addressing this issue, the trial court's judgment discusses both the August 31, 2010 letter and the September 16, 2010 News-Herald article. Yet, in stating its conclusion that "the Avenis knew or should have known of their interest in the case in September, 2010," the trial court does not specifically elucidate whether that conclusion was based on the letter, the newspaper article, or both. Given that the letter was dated August 31, 2010, it would not have been received by the Avenis until September, 2010. Therefore, in reaching its conclusion, the trial court may have based its decision on one or both of those items; however, it is unclear.

{¶23} Turning first to the letter, the Avenis rebut the presumption of proper service by attesting that they never received the letter. Based on the contents of the letter, recited above, even assuming arguendo that the Avenis did, in fact, receive the letter, it did not put them on notice of the litigation, but rather, only that an informational meeting was scheduled. The letter made no reference to the lawsuits.

{¶24} Regarding the September 16, 2010 News-Herald article, it made reference to the pending litigation. However, as previously noted, the Avenis claim that they did

8

not read the September 16, 2010 article, but instead, first learned of the litigation in a later published article in mid-March 2011.

**{¶25}** This court acknowledges that "newspaper articles can serve as a basis for determining the date which proposed intervenors knew or should have known of their interest in the case." *Johnson v. City of Memphis*, 73 Fed. Appx. 123, 2003 U.S. App. LEXIS 16096, *22 (August 4, 2003). However, we have not found, nor has the Board and the County Engineer made us aware, of any authority stating that a single unread newspaper article is sufficient publication to reasonably lead to the conclusion that a potential party *should have known* of their interest in a case as of the date of the article.

**{¶26}** In *Johnson,* an employment discrimination case, the original complaint was filed on July 11, 2000. On July 13, 2000, two days later, a single article appeared in the daily newspaper informing the public of the action. *Id.* at 21. In addition, news articles dated January 11, 2001, and January 12, 2001, six months later, informed the public of the results of the litigation. *Id.* at 21-22. The intervenors claimed that they did not know of their interest in the action until the defendant notified them by letter, dated July 3, 2001, that the defendant did not intend to represent their interest. *Id.* at 21. The intervenors filed their motion to intervene 24 days later on July 27, 2001. In determining that the district court properly denied the motion to intervene, the Sixth Circuit stated as follows:

**{¶27}** "We find that the proposed intervenors knew or should have known of their interest at a much earlier date since *an* article in a Memphis daily newspaper, dated July 13, 2000, informed the public that an employment discrimination action was filed in the district court challenging the July 2000 promotional process. In addition, news

9

articles dated January 11, 2001, and January 12, 2001, informed the public that candidates who successfully competed in the July 2000 promotional process would have to take a new practical exercise test to be promoted."

{¶28} " * * *

{¶29} "Thus, we conclude that the proposed intervenors knew or should have known of their interest as late as January 12, 2001 – the date of the third newspaper article, over seven months before filing their motion to intervene." *Id.* at 21-23.

{¶30} The Sixth Circuit's conclusion in *Johnson* initially appears to stand for the proposition that the single article published on July 13, 2000, supported its conclusion that the intervenors should have known of their interest in the action. However, based on its subsequent recognition that there were additional articles published at later dates, and that those dates were the terminal opportunity for the intervenors to be put on notice of the action, *Johnson* cannot be read as standing for the notion that a single unread article serves as a basis for determining the date upon which an intervenor should have know of their interest in the case. Therefore, the September 16, 2010 newspaper article, standing alone, did not reasonably put the Avenis on notice of the dispute regarding the tap-in fee reimbursement such that they should have known of their interest in the case on that date.

{¶31} Based on the foregoing, we find that the trial court was not presented with competent, credible evidence that the Avenis knew or should have known of their interest in the case in September 2010. *Foley Construction Co.*, *supra,* at syllabus; *Meagher, supra,* at 503; *Triax Co., supra,* at 1228. Accordingly, we conclude that the

10

trial court abused its discretion in finding that the Avenis' April 11, 2011 motion to intervene was untimely.

{¶32} For the foregoing reasons, the Avenis' sole assignment of error is well-taken. The judgment of the Lake County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.