DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, State Farm Mutual Insurance Company, appeals from the judgment of the Summit County Court of Common Pleas that granted Appellee, George Farver, leave to intervene. We affirm.
 I. {¶ 2} On or about April 22, 2003, Appellee was involved in a motor vehicle accident with Defendant Lapriste Carson. Appellee filed a personal injury claim against Defendant Carson as the operator of the vehicle and Defendant Tynetta Young as the owner of the vehicle.[1] Appellee asserted that Defendant Carson resided with and was married to Young and that he was not a permissive user of Defendant Tynetta Young's automobile during the accident.
 {¶ 3} On January 14, 2005, Appellant filed a declaratory judgment action pursuant to R.C. 2721.12(B), seeking a declaration that, under the terms of the automobile insurance policy Appellant issued to Young as the named insured, Appellant had no duty to defend and/or indemnify Defendants Tynetta Young and Lapriste Carson with respect to the personal injury action brought by Appellee in the personal injury case. Appellant requested that the court declare the automobile insurance policy void ab initio, arguing that the issuance of the policy was procured by fraud in the inducement. Appellant asserted that Young made material misrepresentations to Appellant when applying for the policy. In particular, Young allegedly asserted that she was single and that Carson had a valid drivers' license at the time that she applied for the insurance policy when his license was in fact suspended. Appellant named only Defendants Young and Carson in its complaint. Service of summons on the complaint was perfected by certified mail as to both defendants on January 24, 2005.
 {¶ 4} On January 28, 2005, Defendant Young filed a notice that she had filed a voluntary petition for bankruptcy and a request to stay the proceedings. Appellant opposed the motion. Defendants ultimately failed to answer the complaint.
 {¶ 5} On March 23, 2005, Appellant filed a motion for default judgment pursuant to Civ.R. 55 based upon the Defendants' failure to file a responsive pleading to the complaint. Defendants did not file responses to the motion. The court held a hearing on the motion, but only Appellant attended the hearing. On April 7, 2005, the trial court entered a default judgment in favor of Appellant. The court found that Appellant had no duty to defend or indemnify either Defendant against any claims asserted by Appellee and declared the automobile insurance policy void ab initio. Defendants did not appeal from this final judgment.
 {¶ 6} On June 1, 2005, Appellee Farber filed a Civ.R. 60(B) motion to vacate the default judgment, asserting that he was an intended third-party beneficiary under the automobile insurance policy. See Civ.R. 55(B). Appellee then served discovery requests upon Appellant. Appellant opposed both the motion to vacate and the discovery requests. The court held a hearing on the motion to vacate on August 16, 2005, and voiced its intention to allow Appellee to intervene in the action and to grant the motion to vacate the default judgment order.
 {¶ 7} On August 25, 2005, Appellee filed a motion to intervene in the case pursuant to Civ.R. 24(A)(2) and (B)(2). On September 1, 2005, American Family Insurance Company, Appellee's uninsured/underinsured motorist carrier, also sought leave to intervene in the action. Appellant filed a brief in opposition to both motions to intervene. On September 7, 2005, the court granted American Family Insurance Company's leave to intervene. Thereafter, American Family Insurance filed an answer to the declaratory judgment complaint. On September 29, 2005, the court issued an order granting Appellee leave to intervene in the action, and explicitly provided Appellee with ten days to file a responsive pleading. On October 5, 2005, Appellee filed an answer to the complaint.
 {¶ 8} Meanwhile, on September 30, 2005, counsel for Defendants entered an appearance. On October 25, 2005, Defendants filed a motion to vacate the default judgment.
 {¶ 9} On October 28, 2005, Appellant filed a timely notice of appeal of the September 29, 2005 order granting Appellee leave to intervene, asserting three assignments of error for review.
 {¶ 10} As a preliminary matter, we must determine whether the September 29, 2005 judgment, which granted Appellee leave to intervene in the case, constitutes a final, appealable order. Generally, an order that grants a motion to intervene is not final and appealable. See Fifth Third Bank v. Banks, 10th Dist. No. 04AP-860, 2005-Ohio-4972, at ¶ 17; Southern Ohio Coal Co. v.Ohio Dept. of Natural Resources (June 7, 1985), 4th Dist. No. 350, at *5.
 {¶ 11} While this order did not explicitly grant Appellee's Civ.R. 60(B) motion to vacate the default judgment, Appellant argues that this order effectively granted Appellee's motion; Appellee agrees to such an interpretation. We also agree with Appellant's construction and interpretation of the trial court's September 29, 2005 order. Specifically, we find that this order did effectively grant Appellee's motion to vacate the default judgment. By allowing Appellee to intervene and file a responsive pleading to the declaratory judgment complaint, the court effectively vacated the default judgment and permitted the case to start anew. A decision on a motion for relief from judgment constitutes a final, appealable order. R.C. 2505.02(B)(3). Thus, we conclude that the September 29, 2005 order is final and appealable.
 {¶ 12} Appellant argues that the Civ.R. 60(B) motion was not properly before the trial court because Appellee did not have standing to file the Civ.R. 60(B) motion as he was not a party at that time. Indeed, it is normally error to entertain such a motion filed by a non-party. See Nicholas v. State Farm Ins.
(June 9, 2000), 11th Dist. No. 99-T-0030. However, Appellee subsequently filed a motion to intervene, and the court, expressing its intention to grant Appellee leave to intervene at the August 16, 2005 hearing, only then entertained the motion and the parties' respective arguments. The court then impliedly granted the motion to vacate in the same judgment that it recognized Appellee as a party to the case by granting leave. Thus, we do not ultimately find that the court's treatment of the motion involved a procedural error.
 {¶ 13} Therefore, having determined that Appellant has appealed from a final appealable order, we proceed to address its assignments of error. For ease of analysis, we have consolidated Appellant's first and third assignments of error and have addressed the second assignment of error first.[2]
 II. ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN PERMITTING NON-PARTY GEORGE FARVER LEAVE TO INTERVENE."
 {¶ 14} In its first assignment of error, Appellant contends that the trial court erred when it granted Appellee leave to intervene in this case. This Court disagrees.
 {¶ 15} We begin by noting that Appellee unquestionably meets the interest requirement of Civ.R. 24(A) which provides as follows:
"Upon timely application anyone shall be permitted to intervene in an action * * * when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Herein, Appellee has properly alleged that he has an interest in the existence, or lack thereof, of insurance coverage. The trial court's determination on that issue will directly determine whether Appellee is able to recover any monetary damages in his civil suit. Additionally, there is no dispute that Appellee's interests were not adequately represented in the declaratory action. Appellee, however, must also overcome the fact that his motion was filed post-judgment.
 {¶ 16} In Norton v. Sanders (1989), 62 Ohio App.3d 39, this Court articulated the requirements a non-party must meet to intervene after judgment has been entered. To determine the fourth element, the timeliness of the motion, the court must consider the specific facts and circumstances of the case. Id. at 42. While post-judgment intervention in a case is generally disfavored, it will be allowed under certain circumstances. Id. "`The critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment.'" Id., citing United Airlines, Inc. v.McDonald (1977), 432 U.S. 385, 395-396. In Norton, we also discussed the factors that courts have historically considered:
"In determining whether to permit a post-judgment intervention, the courts have considered the following: the purpose for which intervention was sought; the necessity for intervention as a means of preserving the applicant's rights; and the probability of prejudice to those parties already in the case. Annotation, Timeliness of Application for Intervention As of Right Under Rule 24(a) of Federal Rules of Civil Procedure (1982), 57 A.L.R.Fed. 150, 205." Id.
 {¶ 17} Ultimately, we review a trial court's decision to grant a post-judgment motion to intervene for an abuse of discretion. See Id. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freemanv. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552.
 {¶ 18} In Norton, this Court concluded that the parties who moved to intervene post-judgment satisfied the Civ.R. 24(A)(2) criteria and intervened promptly under the circumstances.Norton, 62 Ohio App.3d at 43. The Court found significant that the intervenor's interests were in accord with and were adequately represented by the other parties during the trial court proceedings, but that once the present parties decided not to appeal from the adverse judgment, the intervenor's interests were no longer adequately represented. Id. The Court further found that allowing intervention would not prejudice the defendant-appellees because they should have expected an appeal by the persons seeking to intervene. Id.
 {¶ 19} In Norton, this Court found a post-judgment motion to intervene was timely because the intervenors promptly filed motions to intervene when they realized that the City of Norton was not going to appeal the adverse judgment rendered against it.Norton, 62 Ohio App.3d at 43. Additionally, this Court noted that no prejudice existed because the defendants in Norton
should have expected the City to appeal. Id. On the issue of timeliness, we are not presented with similar facts herein.
 {¶ 20} In this matter, the trial court entered default judgment on Appellant's request for declaratory judgment on April 7, 2005. Appellee concedes that he became aware of that judgment during May 2005. Appellee, however, did not file a motion to intervene until August 25, 2005. Accordingly, the motion was filed 139 days after default judgment was entered, 109 days after Defendant's time to appeal, and more than 80 days after Appellee admittedly had notice of the default judgment. At no time in the proceedings has Appellee offered any explanation for this delay. Appellee's delay, however, is mitigated by the fact that on June 1, 2005, he filed a motion to vacate the underlying judgment, well before his motion to intervene. Thus, Appellant was placed on notice of Appellee's intention to intervene much earlier than the filing of Appellee's motion.
 {¶ 21} This Court finds the remaining rationale set forth inNorton compels a finding of untimeliness. We cannot say that Appellant should have anticipated an appeal from the default judgment. Contrast Norton, 62 Ohio App.3d at 43. In the instant matter, Defendants failed to appear in the declaratory action. Further, no motions were filed on the docket within the 30-day time to appeal. Accordingly, Appellant had no reason to believe that the default judgment had not become final and nonappealable.
 {¶ 22} Additionally, unlike Norton, we cannot say that Defendants adequately represented Appellee's interests in the underlying suit. As noted, unlike the defendants in Norton,
Defendants never defended the declaratory action filed by Appellant. Appellee became aware of this fact in May, but he failed to move to intervene until August 25, 2005. "Since [Appellee's] interests were not represented at trial, [his] delay in moving to intervene until [139 days] after judgment is not justified under a Norton analysis." Kourounis v. Raleigh
(1993), 89 Ohio App.3d 315, 318. Accordingly, we find that Appellee's motion to intervene was untimely. Timeliness, however, is only one factor this Court must consider.
 {¶ 23} Under Norton's second prong of review for post-judgment motions to intervene, we find that pursuant to statute, Appellee must intervene to protect his rights in his pending civil suit. Specifically, R.C. 3929.06(C)(2) provides as follows:
"final judgment shall be deemed to have binding legal effect upon the judgment creditor for purposes of the judgment creditor's civil action against the insurer under divisions (A)(2) and (B) of this section. This division shall apply notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel."
Accordingly, absent the ability to intervene herein, Appellee would be precluded from litigating the matter of whether insurance coverage exists to cover his injuries.
 {¶ 24} Finally, we must examine the probability of prejudice to Appellant. In the instant matter, the record reveals no prejudice. Initially, Appellant received a default judgment on its declaratory action. It has never been required to litigate the matter, nor is there any evidence that Appellant has detrimentally relied on the trial court's decision. Further, "[e]mphasis on having cases decided on their merits is pervasive throughout modern legal practice and was the policy underlying the modernization of the Civil Rules." Hawkins v. MarionCorrectional Institute (1986), 28 Ohio St.3d 4, 5.
 {¶ 25} Based upon the foregoing, we find that the timeliness prong set forth in Norton weighs against granting Appellee's motion to intervene. However, the remaining prongs set forth inNorton weigh in favor of permitting Appellee to intervene, which is consistent with this Court's jurisprudence that matters should be decided on the merits whenever possible under the law. Based upon review of the facts, we cannot say that the trial court was unreasonable or arbitrary in permitting Appellee to intervene. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT'S ORDER OF SEPTEMBER 29, 2005 GRANTING NON-PARTY GEORGE FARVER LEAVE TO INTERVENE WAS A DE FACTO VACATING OF THE APRIL 7, 2005 DEFAULT JUDGMENT AGAINST DEFENDANTS TYNETTA YOUNG AND LAPRISTE CARSON."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED IN DE FACTO VACATING THE APRIL 7, 2005 DEFAULT JUDGMENT."
 {¶ 26} In its first and third assignments of error, Appellant maintains that the trial court improperly granted Appellee's motion to vacate the default judgment. We disagree.
 {¶ 27} We have already construed the order as having impliedly granted Appellee's Civ.R. 60(B) motion. Thus, with this construction, we proceed to determine whether the trial court's implicit grant of the Civ.R. 60(B) motion was proper.
 {¶ 28} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351.
 {¶ 29} The question of whether relief should be granted is within the sound discretion of the trial court. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19-20. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore, 5 Ohio St.3d at 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.,
(1993), 66 Ohio St.3d 619, 621.
 {¶ 30} Civ.R. 60(B) states in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve aparty or his legal representative from a final judgment, order or proceeding * * *." (Emphasis added.) From this language, courts have held that a person who is neither a party nor a legal representative of a party may not properly obtain relief from a judgment by way of Civ.R. 60(B), unless that person first becomes a party through intervention under Civ.R. 24. See Hardman v.Chiaramonte (1987), 39 Ohio App.3d 9, 10; Pliable Veneers, Inc.v. Omni Store Fixtures Corp. (May 23, 1997), 6th Dist. No. L-96-145, at *3, fn. 5. See, also, Nicholas, supra, at *4. Having found that the trial court properly granted Appellee's motion to intervene, we proceed to review the trial court's decision to grant Appellee's motion to vacate.
 {¶ 31} While Appellant urges that Appellee failed to specify the provision of Civ.R. 60(B) under which he was seeking relief, the record reflects that Appellee alleged that Appellant had misrepresented facts to the trial court regarding whether the insurance policy was void. Accordingly, Appellee's motion falls under Civ.R. 60(B)(3), "misrepresentation * * * of an adverse party."
 {¶ 32} Additionally, under the facts of this case, as Appellee's motion was filed within sixty days of the final judgment of the trial court, it was timely filed under Civ.R. 60(B) (Civ.R. 60(B) states in part: "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.").
 {¶ 33} Finally, Appellant claims that Appellee has no meritorious defense to the declaratory action. However, the facts alleged by Appellee during the hearing below do indeed present a valid defense. The trial court's initial decision found that the insurance policy at issue was void due to misrepresentations made during the application process. Appellee asserted that those misrepresentations did not occur. To prevail under Civ.R. 60(B), a movant need only allege a meritorious defense, not prove that it would prevail on that defense. Moore v. Emmanuel FamilyTraining Ctr. (1985), 18 Ohio St.3d 64, 67. Accordingly, Appellee's allegations would negate Appellant's claims that the policy was void, establishing a valid defense.
 {¶ 34} Accordingly, Appellee satisfied each prong set forth in GTE. This Court, therefore, cannot say that the trial court acted unreasonably or arbitrarily in granting Appellee's motion to vacate. Appellant's first and third assignments of error are overruled.
 III. {¶ 35} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. concurs.
[1] Case No. 2004-03-1519. This case is not the subject of the instant appeal.
[2] We observe that legal precedent would suggest that the court's order which granted Appellee leave to file a responsive pleading was procedurally flawed. See Norton v. Sanders (1989),62 Ohio App.3d 39 (trial court granted a motion to intervene and the new parties subsequently filed a notice of appeal from the adverse judgment instead of proceeding with responsive pleadings in the trial court). However, because this issue was not raised by either party on appeal, we do not deem it proper to address at this point in time.