[Cite as *State v. Paige*, 2025-Ohio-4735.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31289 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARODD PAIGE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2022-05-1743 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2025

STEVENSON, Judge.

{¶1}    Appellant Darodd Paige appeals the judgment of the Summit County Court of Common Pleas correcting the imposition of statutorily mandated post-release control ("PRC") supervision. This Court affirms.

I.

{¶2}    Mr. Paige pled guilty to two counts of domestic violence. The trial court accepted the plea, found Mr. Paige guilty, and sentenced him to an agreed combined sentence of three years in prison. The trial court advised Mr. Paige at the 2022 plea and sentencing hearing that PRC was discretionary and that it could be "up to three [years]."

{¶3}    The trial court journalized the plea, guilty findings, and sentence in a November 2022 journal entry. The journal entry notified Mr. Paige that PRC is mandatory for a "period of 18 months up to *3 years* after being released from prison." (Emphasis in original.) Mr. Paige did not appeal.

{¶4} A PRC hearing was held before the trial court in October 2024. Mr. Paige was still serving time for the domestic violence convictions in this case at the time of the hearing. Mr. Paige appeared for the hearing utilizing the correctional institution's teleconferencing system. Counsel for Mr. Paige was present for the hearing.

{¶5} The trial court informed Mr. Paige at the hearing that it "was incorrect in what I admonished you regarding the possibility of [PRC]." Mr. Paige was informed that "there is mandatory PRC from one to three years, rather than mandatory 18 months to three years." Mr. Paige was given an opportunity to privately speak with his attorney at the October 2024 hearing.

{¶6} The trial court issued a journal entry memorializing what was stated on the record at the PRC hearing. The journal entry stated:

> The Court notified the Defendant that . . . [he] **shall** be supervised on post-release control by the Adult Parole Authority for a **mandatory** period of **up to 3 years, but not less than 1 year** after being released from prison.

(Emphasis in original.)

{¶7} Mr. Paige appeals the trial court's judgment correcting the imposition of statutorily mandated PRC, asserting one assignment of error for this Court's review. For the reasons set forth below, we affirm.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN ATTEMPTING TO CORRECT A FLAWED POST-RELEASE CONTROL SANCTION.**

{¶8} Mr. Paige argues in his sole assignment of error that the trial court erred when it corrected the imposition of PRC. He contends that the trial court lacked authority to correct PRC by holding a hearing and that the trial court did not comply with R.C. 2929.191 notice requirements when it scheduled the PRC hearing.

{¶9} Mr. Paige appeared in court with counsel for the PRC hearing. Mr. Paige expressed concern at the hearing that mandatory PRC is not "what [he] agreed to" in his "signed . . . plea agreement[.]" A signed plea agreement is not part of the record. Mr. Paige did not raise any issues relating to the trial court's authority to correct PRC or notice of the PRC hearing. He raises these issues for the first time on appeal. Mr. Paige, therefore, waived all but plain error. "Pursuant to Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Horne*, 2011-Ohio-1901, ¶ 24 (9th Dist.). However, Mr. Paige has not developed a plain error argument on appeal. This Court will not develop one on his behalf. *State v. Samamra*, 2025-Ohio-126, ¶ 55 (9th Dist.).

{¶10} Mr. Paige's assignment of error is, accordingly, overruled.

III.

{¶11} Mr. Paige's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
CONCURS.

FLAGG LANZINGER, P. J.
DISSENTING.

{¶12} I disagree with the majority's decision to affirm the decision of the trial court based upon Paige's failure to argue plain error. Initially, I disagree with the majority's conclusion that Paige is limited to arguing plain error because Paige "did not raise any issues relating to the trial court's authority to correct PRC or notice of the PRC hearing." The record reflects that Paige conferred with his counsel during the PRC hearing. After Paige conferred with his counsel, counsel informed the trial court that Paige "believe[d] the Court no longer ha[d] personal jurisdiction over him to modify the sentence[,]" and that Paige was "asking to have appellate counsel appointed so that he can appeal this decision." I would conclude that Paige raised the issue of the trial court's lack of authority to correct its imposition of PRC, and would address the merits of his appeal. *See State Farm Mut. Ins. Co. v. Young*, 2006-Ohio-3812, ¶ 25 (9th Dist.) ("[M]atters should be decided on the merits whenever possible under the law.").

{¶13} Addressing the merits, I would hold that the trial court lacked jurisdiction to correct its improper imposition of postrelease control almost two years after it sentenced Paige. It is well-

established that a "criminal sentence is final upon the trial court's issuance of a final order." *Allen v. Spitler*, 2023-Ohio-2525, ¶ 13 (9th Dist.), citing *State v. Carlisle*, 2011-Ohio-6553, ¶ 11. Postrelease control is part of a defendant's sentence. *State v. Schleiger*, 2014-Ohio-3970, ¶ 15. The Ohio Supreme Court has explicitly held that a "trial court lacks authority to reconsider a final judgment in a criminal case." *State v. Raber*, 2012-Ohio-5636, paragraph one of the syllabus. "This is so even if the trial court's sentence contains an error, making the sentence voidable . . . ." *Allen* at ¶ 14; *State v. Hudson*, 2020-Ohio-3849, ¶ 17 ("When the sentencing court has jurisdiction to proceed to judgment, sentencing errors in imposing postrelease control render the sentence voidable, not void . . . ."). Yet that is what the trial court did in this case: it modified a final judgment almost two years after it issued it to correct an error in the imposition of postrelease control that rendered the sentence voidable. The trial court lacked jurisdiction to do so. *See Raber* at paragraph one of the syllabus; *Allen* at ¶ 13-15.

{¶14} In reaching this conclusion, I acknowledge R.C. 2929.191 ostensibly provides a procedure in which a trial court can correct the improper imposition of postrelease control if the defendant is still in prison. But R.C. 2929.191 was enacted prior to the Ohio Supreme Court's decision in *State v. Harper*, 2020-Ohio-2913. In *Harper*, the Court made clear that any error in the imposition of postrelease control renders that portion of a defendant's sentence voidable. *Id.* ¶ 42. As a result, "any claim that the trial court has failed to properly impose postrelease control in the sentence *must* be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." (Emphasis added.) *Id.* at ¶ 43. This promotes the principles of finality and judicial economy. *Id.* at ¶ 37.

{¶15} The Ohio Supreme Court reiterated its holding in *Harper* almost two years later in *State v. Bates*, holding that "[a]n attack on a trial court's imposition of postrelease control in a

sentence *must* be brought on direct appeal or it will be barred by res judicata." (Emphasis added.) 2022-Ohio-475, at ¶ 32. In reaching this conclusion, the majority of justices rejected a dissenting justice's opinion that R.C. 2929.191 provided a resolution in that case. *Id.* at ¶ 30. The majority acknowledged that "[i]t is true that R.C. 2929.191 provides a procedure to correct a court's failure to validly impose postrelease control[,]" but concluded that R.C. 2929.191 was inapplicable because the defendant had been released from prison, and the trial court did not follow the procedure set forth in that statute. *Id.* at ¶ 28, 30.

{¶16} I am aware of no Ohio Supreme Court precedent post-*Harper* holding that R.C. 2929.191 allows a trial court to correct the improper imposition of postrelease control even though neither party raised that issue on direct appeal. Such a holding would directly contradict *Harper* (holding that errors in the imposition of postrelease control *must* be raised on direct appeal or be barred by res judicata), as well as Ohio Supreme Court precedent holding that a trial court lacks authority to reconsider a final judgment in a criminal case. *Harper*, 2020-Ohio-2913, at ¶ 37; *Raber*, 2012-Ohio-5636, at paragraph one of the syllabus. I acknowledge that courts have continued to apply R.C. 2929.191 post-*Harper* to correct the improper imposition of postrelease control so long as the defendant remains in prison. *See, e.g.*, *State v. Barnette*, 2020-Ohio-6817, ¶ 9, 19-20 (7th Dist.). Yet that practice conflicts with the Ohio Supreme Court's holding in *Harper*, as well as its underlying rationale to promote the principles of finality and judicial economy.

{¶17} Based on the foregoing, I would sustain Paige's assignment of error and vacate the judgment of the trial court. Accordingly, I respectfully dissent.

APPEARANCES:

ANDREW KARAS, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.