OPINION
{¶ 1} Sam Caras and six other Greene County landowners appeal from the trial court's decision overruling their motion to intervene in this administrative appeal by plaintiff-appellant Christie Jennings from the Xenia Township Board of Zoning Appeals' denial of a variance to allow removal of stockpiled gravel from her property.
 {¶ 2} The movants-appellants, collectively referred to herein as Caras, opposed Jennings' request for a variance and sought to intervene in her appeal to the Greene County Common Pleas Court. Although the trial court denied the motion to intervene, it did accept for filing, as an amicus curiae brief, Caras' proposed memorandum in opposition to Jennings' appeal. This timely appeal followed.
 {¶ 3} In his sole assignment of error, Caras contends the trial court erred in denying the motion to intervene under Civ.R. 24(A)(2).[1] The rule provides that "[u]pon timely application anyone shall be permitted to intervene in an action * * *when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 4} To prevail under Civ.R. 24(A)(2), a movant must (1) file a timely motion to intervene, (2) claim an interest relating to the property or transaction that is the subject matter of the action, (3) be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect his or her interest, and (4) demonstrate that his or her interest is not adequately represented by existing parties. Petty v. Kroger Food Pharmacy,165 Ohio App.3d 16, 19, 2005-Ohio-6641.
 {¶ 5} Caras recognizes that despite his motion to intervene having been based on a claim of right under Civ.R. 24(A)(2), trial courts are vested with substantial discretion in deciding such motions. Wagner v.Miami County Bd. of Zoning Appeals, Miami App. No. 2003-CA-19, 2003-Ohio-4210, ¶ 8, citing Peterman v. Pataskala (1997),122 Ohio App.3d 758, and Williams v. Avon (1977), 52 Ohio App.2d 210. Therefore, we review the trial court's decision in this case for an abuse of discretion.
 {¶ 6} Although the trial court denied Caras' motion without explanation, his motion and accompanying memorandum themselves were largely conclusory. In his one-page memorandum, Caras incorporated by reference the contents of a motion to intervene he previously had filed in a separate lawsuit against Jennings.[2] That other motion to intervene itself contained approximately one page of analysis. With regard to the requirements for intervention under Civ.R. 24(A)(2), it stated:
 {¶ 7} "* * * Pursuant to Civil Rule 24(A) Plaintiffs claim an interest relating to the same property, use of that property [sic], and are so situated that disposition of those actions may as a practical matter impair or impede your applicant's ability to protect the interests of Plaintiffs in this case. As a result, Plaintiffs are entitled to intervene as of right. American Sand Gravel, Inc. v. Theken,41 Ohio App.3d 98, 99 (5th Dist. Court of Appeals, Stark Cty. 1987).
 {¶ 8} "Plaintiffs' intervention is not interposed for delay, and was timely requested before the briefing of the administrative appeal by letter to defense counsel, copy attached hereto as Exhibit A.
 {¶ 9} "Moreover, the gravamen of Plaintiffs' claims beyond participation as Appellees in the administrative appeal, relates principally to legal and factual issues which are particularly material relief [sic] sought by Appellants in the administrative appeals pending in this Court. However, any discovery and litigation of Plaintiffs' claims should not interrupt or interfere with the ongoing administrative appeals to this Court.
 {¶ 10} "Accordingly, as Plaintiffs' appeal would appear a matter of right, and there should be no prejudice involving the proceedings of the pending administrative appeals to this Court, Plaintiffs' Motion to Intervene should be granted, or alternatively this case should be consolidated with the pending administrative appeals in the interests of justice." (Doc. #22 at Exh. A).
 {¶ 11} Absent from the foregoing argument is any analysis of the fourth requirement for intervention under Civ.R. 24(A)(2), which involves a showing that the movant's interests are not adequately protected by existing parties. Even assuming, arguendo, that Caras satisfied the other three requirements for intervention, we find no abuse of discretion in the trial court's denial of a relatively cursory motion that did not address the fourth requirement.
 {¶ 12} Even on appeal, Caras has failed to persuade us that his interests will not be adequately protected by existing parties to Jennings' administrative appeal. We gather from the record that Jennings has operated a gravel-mining operation on her property to the consternation of Caras and other nearby residents. As noted above, her administrative appeal involves the propriety of a decision by the Xenia Township Board of Zoning Appeals denying her a variance to remove stockpiled gravel from her property. Therefore, the Board of Zoning Appeals is a party to the action. In addition, prior to denying Caras' motion to intervene, the trial court sustained a motion to intervene filed by another group of neighbors who are represented by attorney Lester Ferguson.
 {¶ 13} The function of a trial court in an administrative appeal brought under R.C. Chapter 2506 is to determine whether the administrative ruling under review "is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. § 2506.04. Insofar as the trial court's task is to review the Board of Zoning Appeals' ruling under this standard, we discern no reason why the Board itself and the existing interveners represented by attorney Ferguson cannot adequately defend the Board's decision and, in so doing, protect Caras' interests as a nearby resident. Moreover, we note that the trial court did accept Caras' proposed memorandum in opposition to Jennings' administrative appeal as an amicus curiae brief. Therefore, his arguments are being heard by the trial court despite the denial of his motion to intervene.
 {¶ 14} Caras also has not demonstrated that the existence of his separate lawsuit against Jennings in Greene County Common Pleas Court case number 2004-CV-613 requires his intervention in this administrative appeal. In his appellate brief, Caras concedes that his lawsuit against Jennings "involves matters of law and fact beyond the scope of the BZA proceedings" and seeks relief that is inappropriate in administrative appeals. This fact militates against intervention. Because the present action is an appeal brought pursuant to R.C. § 2506.01, the legal issues to be determined are limited to those set out in R.C. § 2506.04
concerning the decision of the Board of Zoning Appeals. Through intervention, however, Caras seeks to expand the legal issues before the trial court to include issues implicating his own property interests. While his interests may be impacted by the trial court's ruling on the propriety of the Board of Zoning Appeals' decision, this fact does not permit him to inject his own issues into an R.C. Chapter 2506 appeal.[3] To the extent that the present administrative appeal and Caras' separate lawsuit against Jennings do share some common issues, it may have been reasonable for the trial court to consolidate the actions. But Caras has not raised the trial court's denial of consolidation as an issue on appeal. Therefore, we have no occasion to consider it.
 {¶ 15} Based on the reasoning set forth above, we find no abuse of discretion in the trial court's denial of the movants-appellants' motion to intervene pursuant to Civ.R. 24(A)(2). The assignment of error is overruled, and the denial of intervention is affirmed.
[1] In addition to seeking intervention, Caras' motion alternatively sought consolidation of Jennings' administrative appeal with a separate lawsuit he and the other proposed interveners had filed against her under Greene County Common Pleas Court case number 2004-CV-613, seeking declaratory and injunctive relief as well as compensatory damages for constructive fraud. In addition to denying intervention in Jennings' administrative appeal, the trial court also denied Caras' request to consolidate the cases. Caras has not raised the trial court's denial of consolidation as an issue on appeal.
[2] The motion to intervene that Caras filed in the separate lawsuit against Jennings is peculiar because he and the other proposed interveners had commenced that legal action against Jennings. Therefore, they sought intervention in their own lawsuit.
[3] Parenthetically, we note that if the Board of Zoning Appeals had granted the relief sought by Jennings, Caras would have had standing to file his own R.C. Chapter 2506 appeal. Schomaeker v. First Nat'l Bank ofOttawa (1981), 66 Ohio St.2d 304. Moreover, in such a situation, if Caras had declined to file an administrative appeal, then he would have been precluded from maintaining a separate declaratory judgment action against Jennings. Id. Neither situation exists here, however, because Jennings did not prevail at the administrative level and Caras was not aggrieved by the Board of Zoning Appeals' decision denying the relief she sought.