**STAR–EX, INC., et al., Appellants,**

v.

**HIGGS, Appellee.**

[Cite as *Star–Ex, Inc. v. Higgs*, 189 Ohio App.3d 172, 2010-Ohio-3332.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 10–CA–06.

Decided July 16, 2010.

James D. Utrecht, for appellants.

Lopez, Severt & Pratt Co., L.P.A., Jose M. Lopez, and Christopher D. Clark, for intervening defendant-appellees, Stewart Webb and Monica Webb.

Subashi & Wildermuth, Nicholas E. Subashi, and Halli J. Brownfield, for appellee, William J. Higgs.

---

BROGAN, Judge.

{¶ 1} Plaintiffs-appellants, Star–Ex, Inc., and Westfield Group, appeal from the trial court's January 7, 2010 order sustaining a third-party motion to intervene and granting relief from judgment under Civ.R. 60(B)(5).

{¶ 2} In their sole assignment of error, Star–Ex and Westfield contend that the trial court "erred in vacating the judgment more than one year after issuing it, without relief being sought by the defendant."

{¶ 3} The record reflects that Star–Ex is a corporation located in Miami County. It owns a liability-insurance policy issued by Westfield Group. In April 2006, Star–Ex employee William Higgs was involved in a car accident with a person named Stewart Webb. Thereafter, Webb and his wife, Monica, filed a tort suit against Star–Ex and Higgs in Miami County Common Pleas Court. While that action was pending, Star–Ex and Westfield separately commenced the present action against Higgs. Their complaint alleged that Higgs was not in the course and scope of his employment with Star–Ex at the time of the accident. Therefore, Star–Ex and Westfield sought a declaratory judgment that Higgs was not insured under the insurance policy Westfield issued to Star–Ex. Despite being served, Higgs failed to answer or otherwise defend. Star–Ex and Westfield obtained a default judgment against Higgs on April 7, 2008. The judgment states that Higgs "was not an insured under the policy of insurance issued by Westfield Group to Star–Ex, Inc."

{¶ 4} On November 24, 2009, Stewart and Monica Webb moved to intervene in the declaratory-judgment action under Civ.R. 24(A)(2) or (B)(2). The Webbs argued that they only recently had discovered the existence of the declaratory-judgment action. They further argued that they had an interest in the determination whether Higgs was acting in the course and scope of his employment and, as a result, whether he qualified as an insured under the Westfield policy issued to Star–Ex. The Webbs also asserted that their interest in these issues was not adequately protected by Higgs and would be impaired by the declaratory judgment. Over opposition from Star–Ex and Westfield, the trial court sustained the Webbs' motion to intervene. The trial court concluded that the Webbs had a right to intervene under Civ.R. 24(A)(2). Because final judgment already had been entered, however, the trial court reasoned that "[t]he granting of this motion post-judgment is an implicit granting of relief from judgment under Rule

60(B)." The trial court then found relief from judgment proper under Civ.R. 60(B)(5), noting the absence of any absolute time limit for such relief. As a result, the trial court allowed the Webbs to intervene and vacated the previously entered default judgment against Higgs. This timely appeal followed.

{¶ 5} In their sole assignment of error, Star–Ex and Westfield contend that the trial court erred in vacating the default judgment. Under their statement of issues for our review, Star–Ex and Westfield raise one issue: "[Does] a trial court err[ ] in vacating a judgment under [Civ.R.] 60(B)(5) more than one year after the judgment was obtained; and where the defaulting defendant has made no motion for relief therefrom?"

{¶ 6} In essence, Star–Ex and Westfield assert that the declaratory-judgment action concerned only them and Higgs, the lone defendant, and had nothing to do with the Webbs. Star–Ex and Westfield insist they "did not argue below and do not argue here that Star–Ex is not insured in the event that Mr. [Higgs's] negligence is attributable to Star–Ex." Therefore, Star–Ex and Westfield contend that the Webbs have no interest in the present declaratory-judgment action. Star–Ex and Westfield insist that Higgs was the only proper party to seek relief under Civ.R. 60(B) and that he did not do so. Moreover, even if Higgs had moved for Civ.R. 60(B) relief, Star–Ex and Westfield contend, Civ.R. 60(B)(1) would have applied and a one-year time limit would have barred any relief.

{¶ 7} Upon review, we quickly can dispose of the argument that the trial court improperly vacated its default judgment under Civ.R. 60(B)(5) more than one year after the judgment was obtained and without a motion from Higgs. The short answer to this narrow issue is that no motion from Higgs was required because the trial court allowed the Webbs to intervene and treated their motion as implicitly seeking relief under Civ.R. 60(B)(5), which has no definite time limit.

{¶ 8} Despite the wording of their assigned error, Star–Ex and Westfield actually raise a broader issue, challenging the trial court's underlying decision to allow the Webbs to intervene pursuant to Civ.R. 24(A)(2). This rule provides that intervention shall be permitted upon a timely application "when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

{¶ 9} To prevail under Civ.R. 24(A)(2), a movant must (1) claim an interest relating to the property or transaction that is the subject matter of the action, (2) demonstrate that his or her interest is not adequately represented by existing parties, (3) be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect his or her

interest, and (4) file a timely motion to intervene. *Petty v. Kroger Food & Pharmacy,* 165 Ohio App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869. We review a trial court's ruling on a Civ.R. 24(A)(2) motion to intervene for an abuse of discretion. *Jennings v. Xenia Twp. Bd. of Zoning Appeals,* Greene App. No. 05–CA–153, 2006-Ohio-6310, 2006 WL 3462136, ¶ 5.

{¶ 10} In the present case, the Webbs demonstrated a sufficient interest in the subject of the declaratory-judgment action to satisfy the first requirement. In their complaint for declaratory judgment, Star–Ex and Westfield alleged that Stewart Webb had commenced a separate negligence suit against Star–Ex and Higgs after being injured by Higgs, a Star–Ex employee. The complaint for declaratory judgment further alleged:

{¶ 11} "6. In such suit, in an Amended Complaint, Stewart Webb alleged that Star–Ex was liable for damages resulting from said accident upon grounds that defendant Higgs was acting within the course and scope of his employment with Star–Ex at the time and place of the collision, which the plaintiffs herein expressly deny.

{¶ 12} "7. Plaintiffs herein allege that defendant Higgs was on his way to work at the time and place of the collision; that vicarious liability does not attach, and that Star–Ex is not liable.

{¶ 13} "8. Stewart Webb and Monica Webb have placed Westfield on notice that they claim defendant Higgs is insured against liability under the aforementioned insurance policy.

{¶ 14} "9. Star–Ex and Westfield state that since defendant Higgs was not in the course and scope of his employment with Star–Ex, that he is not insured under the aforementioned insurance policy and seek declaratory judgment from this Court so finding."

{¶ 15} Whether Higgs was acting in the course and scope of his employment at the time of the accident is, of course, crucial to the Webbs' separate negligence lawsuit against Star–Ex. Moreover, the Webbs have a plain interest in whether Higgs, the alleged tortfeasor, is insured under the liability policy Westfield issued to Star–Ex. It borders on frivolous to suggest that the Webbs have no interest in a declaratory-judgment action filed to determine whether Higgs was acting in the course and scope of his employment and, therefore, whether he is insured under the Westfield policy.

{¶ 16} The Webbs also established that their interest in the declaratory-judgment action was not adequately represented by the existing parties. Because they were seeking to establish that Higgs was not insured, Star–Ex and Westfield had interests that were patently at odds with the Webbs' interest.

Although Higgs's interest might align with the Webbs' interest, insofar as he would benefit from being insured under the Westfield policy, he allowed a default judgment to be entered against him. Therefore, Higgs did not adequately represent the Webbs' interest in the action.

{¶ 17} The third requirement for intervention requires a more detailed analysis. As set forth above, the Webbs were required to show that the disposition of the declaratory-judgment action might impair or impede their ability to protect their interest in whether Higgs was insured under the Westfield policy. In our view, resolution of this issue turns on whether a declaratory judgment obtained by Star–Ex and Westfield in the Webbs' absence would have a preclusive effect on them in the future. If a declaratory judgment obtained by Star–Ex and Westfield in the Webbs' absence has no binding legal effect on the Webbs, then it reasonably cannot be said that their absence from this case would impair their interest. On the other hand, if the Webbs would be bound by the default judgment against Higgs, then their interest in whether he was acting in the course and scope of his employment would be impaired.

{¶ 18} In resolving the foregoing issue, we turn first to R.C. Chapter 2721, the Uniform Declaratory Judgments Act. The first pertinent provision, R.C. 2721.12(A), sets forth the general rule regarding the preclusive effect of declaratory judgments. It states: "Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding." Therefore, unless the Webbs fit within the exception found in R.C. 2721.12(B), their interest in whether Higgs was acting in the course and scope of his employment would not be prejudiced by a declaratory judgment rendered in their absence.

{¶ 19} R.C. 2721.12(B) provides:

{¶ 20} "A declaratory judgment or decree that a court of record enters in an action or proceeding under this chapter *between an insurer and a holder of a policy of liability insurance issued by the insurer* and that resolves an issue as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that an insured under the policy allegedly tortiously caused *shall be deemed to have the binding legal effect described in division (C)(2) of section 3929.06 of the Revised Code* and to also have binding legal effect upon any person who seeks coverage as an assignee of the insured's rights under the policy in relation to the injury, death, or loss involved. This division applies whether or not an assignee is made a party to the action or proceeding for declaratory relief *and notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel.*" (Emphasis added.)

{¶ 21} In turn, R.C. 3929.06(C)(2) states that *if a policyholder commences a declaratory-judgment action or proceeding under R.C. Chapter 2721 against the insurer* for a determination as to whether the policy's coverage provisions apply, and if the court enters a final judgment with respect to the policy's coverage or noncoverage, "that final judgment shall be deemed to have binding legal effect" on the tort victim "notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel."

{¶ 22} Finally, a second portion of the Declaratory Judgments Act, R.C. 2721.02(C), provides that if prior to a tort victim's commencement of a declaratory-judgment action against an insurer,[1] *the policyholder commences a similar action or proceeding against the insurer* for a determination whether the policy's coverage provisions apply, and if the court enters a final judgment with respect to the policy's coverage or noncoverage, "that final judgment shall be deemed to also have binding legal effect" on the tort victim, "notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel."

{¶ 23} On appeal, Higgs and the Webbs rely on R.C. 2721.12, 3929.06(C)(2), and 2721.02(C) to support their argument that the default judgment Star–Ex and Westfield obtained against Higgs would have a binding, legal effect on the Webbs.[2] Notably, however, the present declaratory-judgment action is not between an *insurer* and a *policyholder*. Rather, it was brought by an insurer (Westfield) *and* a policyholder (Star–Ex) against an employee (Higgs) who may or may not be an insured. On their face, the three statutes quoted above do not purport to bind a tort victim to a declaratory judgment entered in such an action. Although Higgs and the Webbs cite several cases applying the statutes, the cited cases appear to have involved declaratory-judgment actions between an insurer and a policyholder. Therefore, R.C. 2721.12, 3929.06(C)(2), and 2721.02(C) applied and bound the tort victim to the judgment. Significantly, *none* of the cases cited by Higgs and the Webbs specifically addressed the situation before us, which involves an action brought by an insurer and policyholder against a potential insured.

{¶ 24} We do not know, of course, whether the legislature intended to limit the foregoing statutes to declaratory-judgment actions between an insurer and a policyholder or whether it simply failed to foresee the circumstances of the

---

1. Under R.C. 2721.02(B), a tort victim cannot commence such an action against an insurer "until a court of record enters in a distinct civil action for damages between the plaintiff and [the] insured as a tortfeasor a final judgment awarding the plaintiff damages."

2. Although Higgs did not defend against the declaratory judgment below, he has filed a separate appellate brief in which he sides with the Webbs.

present case.[3]   In any event, " '[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact.' " *Seeley v. Expert, Inc.* (1971), 26 Ohio St.2d 61, 72, 55 O.O.2d 120, 269 N.E.2d 121, quoting *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus.  We may not add to a statute words that are not used.  *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270.  Therefore, we conclude that R.C. 2721.12, 3929.06(C)(2), and 2721.02(C) have no applicability in the present case and do not bind the Webbs to the declaratory judgment Star–Ex and Westfield obtained against Higgs.  We are left, then, with R.C. 2721.12(A)'s general rule regarding the preclusive effect of declaratory judgments.  As set forth above, it provides that "a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding."

{¶ 25} Because the Webbs were not made parties to the declaratory-judgment action brought by Star–Ex and Westfield, the trial court's default judgment had no preclusive effect on them and therefore did not prejudice their right to a determination whether Higgs was acting in the course and scope of his employment.  For purposes of intervention, then, it cannot be said that the declaratory judgment obtained by Star–Ex and Westfield might impair or impede the Webbs' ability to protect their interest in that issue.  Accordingly, the third requirement for intervention was not satisfied.[4]

---

3. To the extent that the General Assembly's intent may be discerned, our ruling herein is consistent with that intent.  See 1999 H.B. 58, Section 5, effective Sept. 24, 1999 ("The General Assembly declares that, in enacting new division (C) of section 2721.02, new division (B) of section 2721.12, and division (C) of new section 3929.06 of the Revised Code in this act and in making conforming amendments to division (A) of section 2721.12 of the Revised Code in this act, it is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in *Broz v. Winland* (1994), 68 Ohio St.3d 521[, 629 N.E.2d 395], and its progeny relative to the lack of binding legal effect of a judgment or decree upon certain persons who were not parties to a declaratory judgment action or proceeding *between the holder of a policy of liability insurance and the insurer that issued the policy* " [emphasis added] ).

4. We note that the Ohio Supreme Court accepted jurisdiction to consider a similar issue in *Estate of Heintzelman v. Air Experts, Inc.*, 120 Ohio St.3d 1524, 2009-Ohio-614, 901 N.E.2d 244.  The issue in *Heintzelman*, which was argued on September 2, 2009, is whether a nonparticipating tort claimant may be bound by the result of a declaratory-judgment action brought by an *insurer* against a *policyholder*.  The issue is in dispute in part because R.C. 2721.12(B) purports to create a binding effect whenever a declaratory judgment action is *"between* an insurer and a holder of a policy of liability insurance issued by the insurer." (Emphasis added.)  As set forth above, however, two other provisions, R.C. 3929.06(C)(2) and R.C. 2721.02(C), create a binding effect when a policyholder commences the declaratory-judgment action against the insurer.  Thus, the Ohio Supreme Court's ruling in *Heintzelman* will determine whether a tort claimant is bound to the result of any declaratory-judgment action between an insurer and a policyholder or whether a tort claimant is bound only when the action was commenced by the policyholder against the insurer and not vice versa.  In our view, the outcome of *Heintzelman* is unlikely to resolve the issue before us.  Unlike *Heintzel-*

{¶ 26} With regard to the fourth requirement, timeliness, the Webbs' motion indicated that they only recently had discovered the existence of the declaratory-judgment action. Although the trial court already had entered a default judgment against Higgs, granting a postjudgment motion to intervene is not unprecedented. Postjudgment intervention may be allowed in an extraordinary case when it is " 'the only way to protect the intervenor's rights.' " *Mikles v. Sears, Roebuck & Co.*, Montgomery App. No. 20057, 2004-Ohio-1024, 2004 WL 405795, ¶ 9, fn. 1, quoting *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 159, 14 O.O.3d 125, 396 N.E.2d 491; *Norton v. Sanders* (1989), 62 Ohio App.3d 39, 42, 574 N.E.2d 552; *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503–504, 696 N.E.2d 1058 ("Intervention after final judgment has been entered is unusual and ordinarily will not be granted"). Although the Webbs acted promptly upon discovering the declaratory-judgment action, postjudgment intervention is not required to protect their rights, because those rights have not been affected.

{¶ 27} In allowing postjudgment intervention as of right, the trial court relied on case law applying the statutes discussed above and concluded that intervention was necessary to preserve the Webbs' rights. We believe that the trial court committed an error of law and therefore abused its discretion in reaching this determination.[5] *State v. Beechler*, Clark App. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 70 ("No court—not a trial court, not an appellate court, nor even a supreme court—has the authority, within its discretion, to commit an error of law").

{¶ 28} Finally, in an effort to defend the trial court's judgment allowing the Webbs to intervene, Higgs raises an alternative basis for affirming.[6] Specifi-

---

*man*, the present case does not even involve an action between an insurer and a policyholder. As set forth above, it involves an action brought by an insurer (Westfield) *and* a policyholder (Star–Ex) against an employee (Higgs) who may or may not be an insured. Even if the Ohio Supreme Court concludes in *Heintzelman* that a tort claimant is bound by the result of any declaratory-judgment action between an insurer and a policyholder regardless of which party commenced the action, that determination, in all probability and absent broad-sweeping language by the Ohio Supreme Court, will not resolve the issue before us, which is a step removed from *Heintzelman*.

5.  We also have considered the possibility of permissive intervention under Civ.R. 24(B). As set forth above, however, postjudgment intervention of either type is rare, being permitted only when there is no other way to protect a person's rights. We note too that " '[i]ntervention as of right may be granted at a time in the proceedings when permissive intervention would not.' " *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 712, 600 N.E.2d 309, quoting *Likover*, 60 Ohio App.2d at 159, 14 O.O.3d 125, 396 N.E.2d 491. Given that intervention as of right is unwarranted in this case, we would reach the same conclusion with regard to permissive intervention.

6.  Even though Higgs has not filed a cross-appeal, a party may defend a judgment on alternative grounds not relied on by the trial court. App.R. 3(C)(2).

cally, he contends that the Webbs were necessary parties under R.C. 2721.12(A) and that their absence from the declaratory-judgment action rendered the default judgment void.

{¶ 29} The Ohio Supreme Court has recognized that "[t]he absence of a necessary party to a lawsuit is a jurisdictional defect that precludes the court from rendering a declaratory judgment." *Natl. Solid Wastes Mgt. Assn. v. Stark–Tuscarawas–Wayne Joint Solid Waste Mgt. Dist.*, 124 Ohio St.3d 197, 2009-Ohio-6765, 920 N.E.2d 978, ¶ 17. "The first sentence of R.C. 2721.12 is the relevant statutory provision for determining necessary parties in a declaratory judgment action * * *." *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 272, 71 O.O.2d 247, 328 N.E.2d 395. That first sentence states: "[W]hen declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." As explained more fully above, the problem with Higgs's argument is that the Webbs' interest in the declaratory-judgment action is not "affected" by the trial court's default judgment, because they are not legally bound by it. As the Ohio Supreme Court observed in *Driscoll*, a person must be joined in a declaratory-judgment action only if he or she is "legally affected" by it. Id. at 273. If the present action had been brought by Star–Ex, the policyholder, against Westfield, the insurer, the Webbs would have been legally affected by it pursuant to R.C. 2721.12, 3929.06(C)(2), and 2721.02(C) and would have been necessary parties. But it was not, and they are not. Therefore, Higgs has failed to establish that the Webbs are necessary parties under R.C. 2721.12.[7]

{¶ 30} The foregoing conclusion is consistent with the Ohio Supreme Court's ruling in *Broz v. Winland* (1994), 68 Ohio St.3d 521, 629 N.E.2d 395. Therein,

---

7. We note the absence of any argument that the Webbs qualified as necessary parties under Civ.R. 19. Higgs asserts only that they were necessary parties under R.C. 2721.12, which, as noted above, "is the relevant statutory provision for determining necessary parties in a declaratory judgment action." *Driscoll*, 42 Ohio St.2d at 272, 71 O.O.2d 247, 328 N.E.2d 395. In any event, to the extent that joinder under Civ.R. 19 is consistent with R.C. 2721.12, it adds nothing to our analysis. For example, Civ.R. 19(A)(2) provides for joinder when a person's absence may impair or impede his ability to protect his interest. This is essentially the same standard found in R.C. 2721.12(A). To the extent that joinder under Civ.R. 19 might enlarge the scope of R.C. 2721.12, we question whether it could be applied here. Declaratory judgment is a special statutory proceeding, and the joinder language of R.C. 2721.12 is jurisdictional in nature and, therefore, substantive. "The law is clear in Ohio that special statutory provisions, if jurisdictional, are substantive laws of the state and cannot be abridged, enlarged, or modified by the Ohio Rules of Civil Procedure." *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 104–105, 6 O.O.3d 329, 370 N.E.2d 457; Cf. *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.* (1999), 86 Ohio St.3d 318, 715 N.E.2d 127 (holding that an interested person could be joined to a declaratory-judgment action under Civ.R. 15 when application of the rule would not alter R.C. 2721.12). We need not decide whether Civ.R. 19 could be applied here, however, because neither side has briefed the issue.

the majority held that "[a] determination made in a declaratory judgment action between an insurance company and its insured does not bind persons injured by the insured's negligence who are not parties to the declaratory judgment action." Id. at syllabus. Implicit in this holding "was the conclusion that the injured persons were not necessary parties whose absence from the prior declaratory judgment action constituted a jurisdictional defect which precluded the trial court from properly rendering a valid judgment under R.C. 2721.12." *Nicholas v. State Farm Ins.* (June 9, 2000), Trumbull App. No. 99–T–0030, 2000 WL 757355. As set forth above, the General Assembly responded to *Broz* by amending the statutes discussed above to bind tort victims to the result of a declaratory-judgment action between an insurer and a policyholder. Once again, however, the present action does not present such a situation. Therefore, consistent with *Broz*, the judgment obtained by Star–Ex and Westfield is not void; the Webbs simply are not bound by it.

{¶ 31} Our conclusion finds further support in the language of R.C. 2721.12(A) itself. The statute provides: "Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding." [8] Read together, these two sentences suggest that the nonjoinder of the Webbs is not a jurisdictional defect. If the rule were otherwise, there would be no need for the second sentence, which presumes the validity of a declaratory judgment while making clear that it has no impact on nonparties.

{¶ 32} Based on the reasoning set forth above, we sustain the appellants' assignment of error, reverse the trial court's judgment, and remand the cause for the re-entry of a default judgment against Higgs.

Judgment reversed
and cause remanded.

FAIN, J., concurs.

FROELICH, J., dissents.

FROELICH, Judge, dissenting:

{¶ 33} Appellant's sole assignment of error asks "whether the trial court erred in vacating judgment under [Civ.R.] 60(B)(5) more than one year after the

---

8. As explained above, R.C. 2721.12(B) does not apply, because it pertains to declaratory-judgment actions between a policyholder and an insurer.

judgment was obtained; and where the defaulting defendant has made no motion for relief therefrom." The majority disposes of this argument by holding that no Civ.R. 60(B) motion from the defaulting party was required, because the trial court allowed another party to intervene, implicitly granting Civ.R. 60(B)(5) relief, which has no definite time period. I concur with this conclusion.

{¶ 34} However, the majority goes on to hold that it was an abuse of discretion to allow the intervention since it was not necessary to ensure that the underlying declaratory judgment would not "as a practical matter impair or impede the applicant's ability to protect" its interests. I dissent from this holding, without disagreeing with the majority's very reasoned analysis of Civ.R. 24 and R.C. 2721.12, 2721.02, and 3929.06.

{¶ 35} But this analysis presumes that *Estate of Heintzelman*, when decided, will have the narrowness as anticipated in footnote 4, supra. Statutes that purport to control "notwithstanding any contrary common law principles," or that contain legislative statements about what the statute is "intended" to mean, or that make distinctions involving proceedings "between an insurer and a holder of a policy of liability insurance" as opposed to proceedings brought by the insurer and policy holder against an alleged tortfeasor, are subject to interpretations less judicious than the majority's. For example, it could be held, and possibly still be in accord with the majority's discussion, that the declaratory judgment that Higgs was not in the course and scope of his employment does not preclude Webb from proving at the personal-injury trial that Higgs was in the course and scope and that Star–Ex is liable to him (Webb); but, that it is binding as between Westfield and Star–Ex, thus potentially limiting Webb's ability to collect on any personal-injury judgment to the employer's corporation, rather than an insurance carrier, and thus impairing his ability to protect his interests.

{¶ 36} Despite a discussion at oral argument, I am still confused why the insurer and policy holder (the employer), which have the same interest—that the employee tortfeasor be found not to be in the course and scope of his employment—jointly brought this declaratory action and now appeal the injured party's intervention, other than a belief that it would somehow limit or preclude their exposure if the injured parties are eventually successful in their personal-injury suit against the employee and his employer.

{¶ 37} The decision to grant or deny a motion to intervene is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Madigan v. Cleveland*, Cuyahoga App. No. 93367, 2010-Ohio-1213, 2010 WL 1115799, ¶ 10; the same test is applied for a postjudgment motion to intervene, *Pfeiffer v. Stark Auto. Mut. Ins. Co.*, Hamilton App. No. C–050683, 2006-Ohio-5074, 2006 WL 2788265, ¶ 21, although intervention after judgment has

been entered is unusual and ordinarily will not be granted. *Kourounis v. Raleigh* (1993), 89 Ohio App.3d 315, 318, 624 N.E.2d 276.

{¶ 38} Therefore, while I agree that the declaratory judgment should have no preclusive effect, I dissent from the conclusion that the trial court's decision allowing intervention in order to protect the intervenor's rights and interests was such an error of law that it constituted an abuse of discretion.